UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

(Alexandria Division)

| | |
|---|---|
| JANE DOE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No.: 1:21-cv-1150 |
| | ) |
| FAIRFAX POLICE OFFICER #1, | ) |
| | ) |
| and | ) |
| | ) |
| FAIRFAX POLICE OFFICER #2, | ) |
| | ) |
|     Defendants. | ) |

COMPLAINT

Introductory and Jurisdictional Statement

1. Plaintiff Jane Doe, a citizen of Costa Rica and resident of Virginia, brings this action for damages resulting from sex trafficking in the United States. Jane Doe was trafficked to the United States and forced to work as a prostitute, mostly in Fairfax County, Virginia. The defendants, officers with the Fairfax County Police Department, were both customers of Jane Doe and also provided security to the trafficking ring. This case arises under the federal Trafficking Victims Protection Reauthorization Act, 18 U.S.C. §§1589 *et seq*. This court has jurisdiction over the trafficking claims under 28 U.S.C. §1331, as the two offenders are present in the United States.

## Parties

2. Plaintiff Jane Doe is a resident of Ashburn, Virginia. She is the single mother of one son. She is filing herewith a motion to keep her name out of the public record. [1]

3. At all relevant times, defendants Fairfax Police Officers ##1 and 2 were police officers with the Fairfax County Police Department. They were also customers of Jane Doe and on information and belief, protected the sex trafficking ring of which Jane Doe was a victim from law enforcement intervention. Their names are presently unknown. Upon determining their identities through preliminary discovery, Jane Doe will move to amend her complaint to list them as defendants by their true names.

## Claim For Relief

4. Jane Doe was born in San Jose, Costa Rica on September 9, 1978. Jane Doe never completed highschool and had a modest upbringing.

5. Sometime prior to October 11, 2010, a Costa Rican woman named Nicole approached Jane Doe in a friendly fashion. Nicole proposed to Jane Doe that she work as a nanny, a housekeeper, or a social escort in the United States. Nicole explained that as a social escort, Jane Doe would go on dates with wealthy men and attend lavish business dinners and events where she would be photographed. Nicole explained that the men would be charged an hourly rate, of which Jane Doe would receive a portion.

---

[1] If defendants profess not to know Jane Doe's name, it will be provided to them forthwith.

6. Unbeknownst to Jane Doe, Nicole was working at the behest of Hazel Marie Sanchez Cerdas ("Sanchez") to recruit women in Costa Rica for forced prostitution and commercial sex in the United States. Nicole did not explain to Jane Doe that she would be required to provide commercial sex services in the United States. At no time was Jane Doe told, nor did she believe, that she would be coming to the United States to provide commercial sex services.

7. Upon accepting Nicole's offer of legitimate work in the United States, Jane Doe was advised that her travel and employment would be facilitated by another individual on her behalf. In October 2010, Jane Doe received from Sanchez her travel itinerary and round-trip airline tickets. Jane Doe was to travel from San Jose, Costa Rica to Dulles International Airport on October 11, 2010, and return to San Jose, Costa Rica from Dulles Airport on October 24, 2010.

8. On or about October 11, 2010, Jane Doe arrived in Virginia at Dulles Airport. She was met by a woman named Sonia who worked for Sanchez. Sonia took Jane Doe by car to an apartment in Fairfax, Virginia.

9. When Jane Doe arrived at the apartment, she met Sanchez for the first time. Sanchez immediately confiscated Jane Doe's belongings and travel documents. Sanchez informed her that she would not be going on dates with men as an escort, but rather have sex with men each day for money.

10. Jane Doe objected to Sanchez's demand and stated that she would not work as a prostitute. Sanchez responded that she knew where Jane Doe's mother and son lived in Costa Rica, and that if she refused to work as a prostitute, she would have them harmed by her associates.

11. By reason of her fear of harm to her family in Costa Rica, Jane Doe was coerced into providing commercial sex, beginning the very day of her arrival in Virginia.

12. Jane Doe remained at Sanchez's apartment in Fairfax, Virginia where she would engage in commercial sex with men as arranged by Sanchez. Sanchez posted advertisements for commercial sex with Jane Doe and other women on the internet, including the websites Backpage.com and Eros.com, unless she was warned by defendants not to post advertisements at certain times in order to avoid law enforcement sting operations. Commercial sex customers would contact Sanchez and arrange for meetings with the women, including Jane Doe. Jane Doe had to perform whatever sexual act was demanded by the customer. The money made from her engaging in the commercial sex went to Sanchez.

13. During the time that Jane Doe was being trafficked by Sanchez, she was required to have commercial sex with multiple men a day. If Jane Doe refused, Sanchez threatened to inform Jane Doe's family in Costa Rica that she was working as a prostitute.

14. During her trafficking, Sanchez allowed Jane Doe to return home to Costa Rica for various amounts of time with the understanding that she would be contacted and required to return to the United States to work as a prostitute. Sanchez threatened Jane Doe that she would have people watching Jane Doe and her family in Costa Rica. The threat sufficed to ensure that Jane Doe return to the United States.

15. For most if not all of the time that Jane Doe was working as a prostitute in Virginia, defendants were charged with the duty, among other things, to investigate credible information about prostitution and arrest individuals involved in prostitution and sex trafficking.

16. On information and belief, instead of enforcing the laws against prostitution and sex trafficking and fulfilling their duties as Fairfax County police officers, for a period of years defendants actively facilitated Sanchez's sex trafficking venture by failing to intervene in the venture, and instead provided protection intended to prevent discovery of, and appropriate law enforcement intervention into, the trafficking.

17. On information and belief, defendants would tip off Sanchez when the Fairfax County Police Department would be conducting sting operations on sex trafficking ventures and other prostitution activities in the county. In an effort to facilitate the continuing operation of Sanchez's sex trafficking venture, defendants alerted Sanchez when not to advertise her trafficking victims on certain websites, such as Backpage.com and Eros.com.

20. On information and belief, defendants knew that Jane Doe had been trafficked for the purpose of being made to engage in commercial sex services by means of force, fraud or coercion.

18. On information and belief, in consideration for defendants' provision of law enforcement protective services for Sanchez's trafficking ring, Sanchez made Jane Doe available to them for sexual services gratis.

19. In April 2015, Jane Doe seized the opportunity to escape. Jane Doe eventually reported her trafficking to law enforcement authorities.

20. In 2019, due to law enforcement efforts not assisted by defendants, Sanchez was charged and subsequently plead guilty to Interstate & Foreign Travel or Felony Transportation in Aid of Racketeering Enterprises under 18 U.S.C. §§ 1952(a)(2) & (3), based on her sex trafficking enterprise victimizing Jane Doe.

21. Following the investigation into Sanchez and her sex trafficking ring by the Child Exploitation and Human Trafficking Task Force of the Federal Bureau of Investigation, the FBI transferred the case to its Public Corruption Division. On information and belief, the Public Corruption Division investigated defendants for involvement in the sex trafficking enterprise that involved Jane Doe The investigation was not publicized and Jane Doe has been unable to obtain additional information about it.

22. Jane Doe, by counsel, has attempted to discover the identities of defendants and their employment status with the Fairfax County Police Department. Fairfax County and the police department have declined to provide this information to date.

23. As a result of the defendants' actions complained of herein, Jane Doe has suffered severe physical and emotional injury.

Causes of Action

Count I

Trafficking For Purposes of Forced Labor in Violation of 18 U.S.C. §1589

24. As set forth above, defendants knowingly participated in the sex trafficking ring of which Jane Doe was a victim by providing protective services for the sex trafficking venture, thereby knowingly facilitating her being subjected to forced labor in violation of 18 U.S.C. §1589. Pursuant to 18 U.S.C. §1595, defendants are liable to her for her resulting damages.

Count II

Trafficking by Force, Fraud or Coercion in Violation of 18 U.S.C. §1591

25. As set forth above, defendants knowingly solicited and obtained commercial sex services from Jane Doe, a victim of sex trafficking, when each defendant knew or should have known that Jane Doe was made to engage in commercial sex services by means of force, fraud or coercion in violation of 18 U.S.C. §1591. Pursuant to 18 U.S.C. §1595, defendants are liable to her for her resulting damages.

Count III

Benefitting from Trafficking in Violation of 18 U.S.C. §1593A

26. As set forth above, defendants knowingly benefitted, at least sexually, by participating in the trafficking and prostitution of Jane Doe in violation of 18 U.S.C. §1593A.[2] They are liable to her for her resulting damages pursuant to 18 U.S.C. § 1595.

Count IV

Conspiracy to Violate the Trafficking Victims Protection Reauthorization Act

27. As set forth above, defendants conspired with each other, Sanchez, and others to violate the Trafficking Victims Protection Reauthorization Act with regard to Jane Doe, in violation of 18 U.S.C. §1594(b), and each defendant committed overt acts in furtherance of this conspiracy by affirmatively facilitating the continued trafficking of Jane Doe and by engaging

---

[2] Discovery will reveal whether defendants were also compensated otherwise by Sanchez for their protection of the sex trafficking venture.

commercial sex acts with her as set forth above.  Defendants are liable to her for her resulting damages pursuant to 18 U.S.C. §1595.

*   *   *

Wherefore, Jane Doe requests an order of the court granting her the following relief:

a) On her forthcoming motion, an order permitting her to proceed under the name Jane Doe,

b) On her forthcoming motion, an order authorizing her immediately to discover the names and last known service addresses of defendants via subpoenas to the Fairfax County Police Department and, if necessary, the Department of Justice;

c) Compensatory damages against both defendants, jointly and severally, appropriate to the proof at trial.

d) Punitive damages against each defendant appropriate to the proof at trial;

e) Her costs, including reasonable attorneys' fees; and

f) Such other relief as is proper.

Jane Doe requests trial by jury.

Respectfully submitted,

JANE DOE,

By counsel

Dated: October 12, 2021

Counsel for Plaintiff:

//s// Victor M. Glasberg
Victor M. Glasberg, #16184
Victor M. Glasberg & Associates
121 S. Columbus Street
Alexandria, VA 22314
703.684.1100 / Fax: 703.684.1104
vmg@robinhoodesq.com
**JaneDoe\Pleadings\Complaint**

//s// Nickera S. Rodriguez
Nickera S. Rodriguez, #95952
Victor M. Glasberg & Associates
121 S. Columbus Street
Alexandria, VA 22314
703.684.1100 / Fax: 703.684.1104
nsr@robinhoodesq.com

---

<u>Certificate of Service</u>

    I, Victor M. Glasberg, hereby certify that on this 12th day of October 2021, I filed the foregoing complaint with the court via the court's ECF system and emailed a copy to the anticipated counsel for the defendants:

        Kimberly Baucom, Esq.
        Senior Assistant County Attorney
        kimberly.pacebaucom@fairfaxcounty.gov

        //s// Victor M. Glasberg
        Victor M. Glasberg, #16184
        Victor M. Glasberg & Associates
        121 S. Columbus Street
        Alexandria, VA 22314
        703. 684.1100 / Fax: 703.684.1104
        vmg@robinhoodesq.com

        Counsel for Plaintiff