UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

(Alexandria Division)

| | |
|---|---|
| JANE DOE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 1:21-cv-1150 |
| | ) |
| FAIRFAX POLICE OFFICER #1, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MOTION TO PROCEED UNDER PSEUDONYM and WAIVER OF HEARING

Plaintiff Jane Doe, by counsel, moves for leave to proceed under a pseudonym in the instant action, with her name being revealed to defendants under a protective order precluding its use absent court authorization. For the following reasons, this motion should be granted.

## Background

In this lawsuit, plaintiff Jane Doe seeks damages resulting from sex trafficking and being forced to work as a prostitute, mostly in Fairfax County, Virginia. The defendants, Fairfax Police Officers ##1 and 2, were officers with the Fairfax County Police Department who were customers of Jane Doe and also provided security to the sex trafficking ring that victimized her. The details of Jane Doe's ordeal are set forth in the complaint.

Discussion

The Federal Rules of Civil Procedure provide that "the title of the complaint must name all the parties". Fed. R. Civ. P. 10(a). This requirement serves the public's interest in open judicial proceedings. *Doe v. Pub. Citizen*, 749 F.3d 246 (4th Cir. 2014). However, "in exceptional circumstances, compelling concerns relating to personal privacy or confidentiality may warrant some degree of anonymity in judicial proceedings, including use of a pseudonym." *Id.* at 273 (citing *James v. Jacobson*, 6 F.3d 233 (4th Cir. 1993)). Indeed, a trial court abuses its discretion when it fails to consider thoroughly that "in some cases the general presumption of open trials—including identification of parties and witnesses by their real names—should yield in deference to sufficiently pressing needs for party or witness anonymity." *Jacobson*, 6 F.3d at 242 (4th Cir. 1993); *see also Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 189-90 (2d Cir. 2008); *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 684-87 (11th Cir. 2001); *Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1069 (9th Cir. 2000).

In *Jacobson*, the Fourth Circuit set forth a list of nonexclusive factors for district courts to consider when determining whether a party should be permitted to litigate a case under a pseudonym:

> (1) [W]hether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; (3) the ages of the persons whose privacy interests are sought to be protected; (4) whether the action is against a governmental or private party; and, (5) relatedly, the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Jacobson*, 6 F.3d at 238.

Applying the relevant *Jacobson* factors to this case, the facts weigh in favor of allowing Jane Doe to proceed under her chosen pseudonym. The details of Jane Doe's trafficking are of a highly personal and sensitive nature. The case at bar is akin to *A.D. v. Wyndham Hotels & Resorts*, 2020 WL 5269758, (E.D. Va. Mar. 20, 2020), order clarified, 2020 WL 8639343 (E.D. Va. July 30, 2020), where the plaintiff was a victim of sex trafficking and forced to sexually service strangers in Hampton, Virginia. Like Jane Doe, plaintiff A.D. "regularly endured brutal physical assaults, psychological torment, verbal abuse, and false imprisonment" as a result of her trafficking. *Id.* at *1. Noting that the details surrounding the plaintiff's sex trafficking ordeal were a "sensitive and highly personal matter," *Id.* at *2 (citing *Candidate No. 452207 v. CFA Inst.*, 42 F. Supp. 3d 804, 807 (E.D. Va. 2012)), the court held the public's interest in open judicial proceedings did not outweigh the plaintiff's need for privacy and anonymity, and granted plaintiff's motion to proceed under a pseudonym.

Courts routinely have allowed victims of sex trafficking to proceed under a pseudonym. This is so because "allowing victims of sexual assault to proceed anonymously serves strong public interest because other victims will not be deterred from reporting such crimes." *B.M. v. Wyndham Hotels & Resorts, Inc.*, 2020 WL 4368214, at *10 (N.D. Cal. July 30, 2020) (allowing victim of sex trafficking to proceed under a pseudonym). *See also H.G. v. Inter-Continental Hotels Corp.*, 489 F. Supp. 3d 697, 713 (E.D. Mich. 2020) (same); *C. S. v. Choice Hotels Int'l*, 2021 WL 2792166, (M.D. Fla. June 11, 2021) (same). This principal was so demonstrated in the criminal proceedings against plaintiff Jane Doe's trafficker, Hazel Marie Sanchez Cerdas, where the parties did not refer to any trafficking victim, including Jane Doe, by her name. *See United States v. Cerdas*, No. 1:19-cr-65 (E.D. Va. 2019).

It is self-evident that public disclosure of Jane Doe's true identity would cause her severe emotional distress. There is no cognizable public interest in revealing her identity. The public interest in this case, if any, lies not in Jane Doe's actual name, but rather in the facts of her case and the resolution of the substantive legal issues it presents. Jane Doe's use of a pseudonym will not interfere with the right or the ability of the public to follow the proceedings. Defendants will be able fully and fairly to litigate against Jane Doe without public revelation of her identity. Considering these facts, and considering the *Jacobson* factors, anonymity is warranted.

## Conclusion

For these reasons, Jane Doe's motion to proceed under a pseudonym should be granted. Jane Doe waives a hearing on this motion and requests its adjudication on the papers. Counsel has served a copy of this motion on the anticipated counsel for the defendants.

    Respectfully submitted,

    JANE DOE,

    By counsel

Dated: October 12, 2021

Counsel for Plaintiff:

//s// Victor M. Glasberg
Victor M. Glasberg, #16184
Nickera S. Rodriguez, #95952
Victor M. Glasberg & Associates
121 S. Columbus Street
Alexandria, VA 22314
703.684.1100 / Fax: 703.684.1104
vmg@robinhoodesq.com
nsr@robinhoodesq.com
JaneDoe\Pleadings\MProceedPseudonymWaiveHearing

Certificate of Service

I, Victor M. Glasberg, hereby certify that on this 12th day of October 2021, I filed the foregoing Motion to Proceed Under Pseudonym and Waiver of Hearing with the clerk of the court via the court's ECF system and emailed a copy to the anticipated counsel for the defendants:

>Kimberly Baucom, Esq.
>Office of the Fairfax County Attorney
>kimberly.pacebaucom@fairfaxcounty.gov

>//s// Victor M. Glasberg
>Victor M. Glasberg, #16184
>Victor M. Glasberg & Associates
>121 S. Columbus Street
>Alexandria, VA 22314
>703. 684.1100 / Fax: 703.684.1104
>vmg@robinhoodesq.com
>
>Counsel for Plaintiff