IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| JANE DOE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| | )   Case No.: 1:21cv1150(AJT/JFA) |
| v. | ) |
| | ) |
| MICHAEL O. BARBAZETTE, et al., | ) |
| | ) |
|     Defendants. | ) |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

COME NOW Defendants, Michael O. Barbazette ("Barbazette") and Jason Mardocco ("Mardocco"), by counsel, and in support of their Motion to Dismiss, filed pursuant to Fed. R. Civ. P. 12(b)(6), state as follows:

### I.    SUMMARY OF ALLEGATIONS IN COMPLAINT[1]

Jane Doe ("Doe") was born in Costa Rica in 1978. Am. Compl., ¶ 6. She did not graduate from high school. *Id.* Some time prior to October 11, 2010, a Costa Rican woman named Nicole recruited Doe to come to the United States to work as a nanny, housekeeper and/or social escort. Am. Compl., ¶ 7. Unbeknownst to Doe, Nicole worked for Hazel Marie Sanchez Cerdas ("Sanchez"), who ran a prostitution and commercial sex ring in the United States. *Id.* Doe accepted the employment invitation which was extended to her. Am. Compl., ¶¶ 9-11.

In October 2010, Doe received her travel itinerary from Sanchez, along with round-trip airplane tickets. Am. Compl., ¶ 9. The return date on the airplane tickets was two weeks after arrival in the United States. During the second week of October 2010, Doe arrived at Dulles

---

[1] Barbazette and Mardocco limit their summary of allegations to those which pertain to claims made against them.

1

Airport, where she was greeted by Sonia, who worked for Sanchez. Am. Compl., ¶ 10. Sonia took Doe from the airport to an apartment in Fairfax. *Id.* Once at the apartment, Doe met Sanchez. Am. Compl., ¶ 11. Sanchez immediately confiscated Doe's belongings and travel documents. *Id.* Sanchez proceeded to advise Doe that she had been brought to the United States to have sex with men for money. *Id.* When Doe objected to what Sanchez stated, Sanchez threatened Doe's family. Am. Compl., ¶ 12. Because she feared the threat made by Sanchez, Doe acceded to Sanchez's demands and provided commercial sex commencing the day she arrived in Virginia. Am. Compl., ¶ 13. This continued until April 2015, when Doe escaped Sanchez's ring. Am. Compl., ¶ 17.

From 2013 through 2017, William Woolf ("Woolf") was a police officer, employed by Fairfax County Police Department ("FCPD"). Am. Compl., ¶ 18. During these years, he was the sole FCPD officer assigned to a federally funded task force on human sex trafficking ("the NVHTTF"). *Id.* Starting in 2008, before Woolf was assigned to NVHTTF, his supervisor was Barbazette. Am. Compl., ¶ 21. In 2014-2015, Barbazette started demonstrating a substantial interest in Woolf's work with trafficking victims. *Id.* On one occasion, Barbazette asked Woolf to provide him with the telephone number of a trafficking victim. *Id.*

After Barbazette "expressed" an interest in Woolf's work, Woolf continued to conduct "knock and talks," where he would go to a location where suspected trafficked women were located, knock on the door and obtain information from them. Am. Compl., ¶ 23. However, following Barbazette's peaked interest in Woolf's work, when Woolf would arrive for a "knock and talk," there would be no one at the identified locations. *Id.*

At some unspecified time, Doe contends that Barbazette became hostile to Woolf and made it difficult for Woolf to do his work. Am. Compl., ¶ 24. This "hostility" resulted in denial of

investigative tools, overtime and travel. *Id*. Barbazette also required a detailed daily report on Woolf's activities. *Id.*

Doe maintains, the following "on information and belief:"

- Barbazette and Mardocco actively facilitated Sanchez's sex trafficking venture by providing it with protection intended to prevent discovery of, and appropriate law enforcement intervention into the criminal enterprise. Am. Compl., ¶ 25.

- Barbazette and Mardocco would tip off Sanchez when FCPD would be conducting sting operations on sex trafficking ventures, resulting in the victims being moved, thwarting the operations. Am. Compl., ¶ 26.

- Barbazette and Mardocco knew Doe had been trafficked for purposes of making her engage in commercial sex by force, fraud or coercion. Am. Compl., ¶ 27.

- In exchange for the protection by Barbazette and Mardocco, Sanchez made women, including Doe, available to them for free. Am. Compl., ¶ 28.

In 2014 or 2015, Woolf reported Barbazette's "unusual and disruptive actions"[2] to Barbazette's supervisor, Baumstark. Baumstark did not take any action. Am. Compl., ¶¶ 29-30. Later, in 2016, Woolf met with Barbazette and Baumstark to discuss, among other things, the continued staffing of NVHTTF. Am. Compl., ¶ 32. Woolf expressed an interest in continuing this work, but asked for a different supervisor. *Id.* This request was denied. *Id.* Barbazette was furious that Woolf made the request, directed him not to open further trafficking investigations, and directed him to close out his pending cases. *Id.* Thereafter, Woolf was transferred to another division and conducted no more trafficking cases. Am. Compl., ¶ 34.

Following her escape from Sanchez, Doe reported her trafficking to the FBI. Am. Compl., ¶ 46. During the investigation, Doe turned over a cell phone which she and other women in the sex ring used in connection with their commercial sex work. Am. Compl., ¶ 47. The phone permitted access to telephone numbers of several customers of the sex ring. *Id*. Barbazette's

---

2 It is entirely unclear what actions Doe refers to here.

3

telephone number was on the phone and, "on information and belief," so was Mardocco's. *Id.* The FBI turned the case over to a task force which, "[o]n information and belief," investigated Barbazette and Mardocco for involvement in the Sanchez sex trafficking enterprise. Am. Compl., ¶ 50. That task force referred the matter back to FCPD for follow up. Am. Compl., ¶ 51. FCPD allowed Barbazette and Mardocco to "quietly resign" and keep their pensions. Am. Compl., ¶ 52.

Doe also maintains that "over a period of years, … defendants Barbazette, Mardocco, Baumstark, Scianna, and Roessler, and on information and belief others, engaged in a conspiracy to obstruct the investigation and exposure of sex trafficking taking place within Fairfax County,….by their actions set forth above, each of these defendants thereby affirmatively facilitated the ongoing victimization of Jane Doe … Defendants also conspired to cover up the fact that Fairfax County police officers were actively participating in, and benefitting sexually if not financially from, the work of a local sex trafficking ring.: Am. Compl., ¶ 53.

Based on the foregoing allegations, Doe has brought the following claims against Barbazette and Mardocco:

> Count I:     Trafficking for Purposes of Forced Labor in Violation of 18 U.S.C. § 1589
>
> Count II     Trafficking by Force, Fraud or Coercion in Violation of 18 U.S.C. § 1591
>
> Count III     Benefitting from Trafficking in Violation of 18 U.S.C. § 1593A
>
> Count IV     Conspiracy to Violate the Trafficking Victims Protection Reauthorization Act ("TVPRA")

For the reasons which follow, Barbazette and Mardocco submit that they are entitled, as a matter of law, to have the claims/counts against them dismissed with prejudice.

I.     **LAW AND ARGUMENT**

    A.     **Standard of Review**

The Court, in deciding a Rule 12(b)(6) motion, must take all well-pleaded material allegations of a Complaint as admitted and review them in the light most favorable to the Plaintiff." *DeSole v. United States*, 947 F.2d 1169, 1171 (4th Cir. 1991). "[L]egal conclusions, elements of a cause of action, and bare assertions devoid a further factual enhancement fail to constitute well-pled facts for Rule 12(b) purposes." *MenetChevrolet Ltd.ConsumerAffairs.com, Inc.*, 591 F.3d. 250, 255 (4th Cir. 2009). Pursuant to the standard established in *Ashcraft v. Iqbal*, 556 U.S. 662, 678 (2009), compliance with Fed. R. Civ. P. 8(a)(2) requires more than "labels and conclusions," and a Complaint must "state a claim to relief that is plausible on its face." *Id.* Facts that are merely consistent with a defendant's liability are insufficient to state a plausible claim. *Id.*

In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007), and *Ashcraft v. Iqbal, supra*, the Court enhanced the burden plaintiffs must meet in order for their pleadings to survive a Rule 12(b)(6) motion. In *Twombly*, the Court rejected the prior standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." The Court stated that *Conley's* "no set of facts" standard has "earned its retirement" and the "phrase is best forgotten as an incomplete negative gloss on an accepted pleadings standard." *Twombly*, 550 U.S. at 563. Instead, the *Twombly* court stated that Fed. R. Civ. P. 8 requires a greater showing - a complaint must present enough facts to state an entitlement to relief that is "plausible" on its face. *Id.* at 570.

In explaining the new standard, the Court in *Twombly* stated, "[w]hile, a complaint attacked by Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's

obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and formulaic recitation of the elements of a cause of action will not do." *Id.* at 544 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The Court emphasized that, "[w]ithout some factual allegations in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Twombly*, 550 U.S. at 556 n.3 (citing 5 WRIGHT & MILLER § 1202, at 94-95). Factual allegations must not only be made, they "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

In *Iqbal*, the Court expanded on the standard for Rule 12(b)(6) motions to dismiss. The Court explained that, although it remained true post-*Twombly* that courts ruling on such motions to dismiss must accept the allegations set forth in the complaint as true, this tenet does not apply to legal conclusions or "[t]hread bare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. The Court explained that while Rule 8 marks a "departure from the hyper-technical code-pleading regime of a prior era," it "does not unlock the doors of discovery for a Plaintiff armed with nothing more than conclusions." *Id.* Rather, in order to survive a motion to dismiss, a Plaintiff must support the legal conclusions in the complaint with factual allegations sufficient to state a plausible-*not merely possible*-claim for relief. *Id.* at 678-79 (emphasis added).

> **B.    Doe Has Not Pled Sufficient Facts to Establish that Barbazette or Mardocco Violated the Federal Trafficking Victims Protection Reauthorization Act (Counts I, II and III)**

At the outset, Barbazette and Mardocco note that it is difficult to determine exactly what provisions of TVPRA Doe claims that they violated and the theory of liability under which Doe seeks to recover. In part, this is due to a dearth of facts in the Amended Complaint and, in part,

6

this is due to the failure to cite to TVPRA with specificity and accuracy. For instance Count I states that Doe seeks to recover against Barbazette and Mardocco because they knowingly participated in the sex trafficking ring of which Doe was a victim by providing protective services for the sex trafficking venture, thereby knowingly facilitating her being subjected to forced labor in violation of 18 U.S.C. § 1589. However, Doe does not specify whether her claim falls under subsection (a) or subsection (b). She also does not specify if she claims that Barbazette and Mardocco are liable to her on a perpetrator theory or beneficiary theory. Because the legal elements are different depending on the theory of liability, this makes it difficult to address the claims.

Similarly, in Count III, Doe claims that Barbazette and Mardocco knowingly benefitted sexually if not financially, by participating in the trafficking and prostitution of Jane Doe in violation of 18 U.S.C. § 1593A. However, that code section pertains to mandatory restitution. It is not a section which Barbazette or Mardocco are able to violate.[3] Notwithstanding the difficulties created by Doe's pleading, Barbazette and Mardocco submit that Doe has not stated a claim against them for violations of TVRPA.

      **i.    Count I - Trafficking for Purposes of Forced Labor in Violation of 18 U.S.C. § 1589 does not state a claim**

Under subsection (a) of 18 U.S.C. § 1589 (TVRPA), a defendant is liable when he "knowingly provides or obtains the labor or service of a person" through the following:

    (1) by means of force, threats of force, physical restraint, or threats of physical restraint to that person or another person;

    (2) by means of serious harm or threats of serious harm to that person or another person;

    (3) by means of the abuse or threatened abuse of law or legal process; or

---

3 Because Count III is premised on the violation of a statutory provision which is not capable of being violated, Barbazette and Mardocco will not address this further herein. Count III should be dismissed with prejudice.

>   (4) by means of any scheme, plan, or pattern intended to cause the person to believe that, if that person did not perform such labor or services, that person or another person would suffer serious harm or physical restraint.

If Doe contends that Barbazette and/or Mardocco violated subsection (a) of 18 U.S.C. § 1589, she has not pled any facts to support such a claim. For instance, she has not asserted that these defendants forced her to provide services, threatened her to obtain services, physically restrained her, threatened to physically restrain her or threatened her family or loved ones. Doe has also not pled any facts to suggest that Barbazette and/or Mardocco threatened her with legal process of any sort. Had any of these things occurred, which they did not, Doe would have personal knowledge and the ability to plead facts to support a claim. Having failed to plead any facts to support a claim against Barbazette and/or Mardocco under subsection (a) of 18 U.S.C. § 1589, any such claim, if intended, should be dismissed with prejudice.

Subsection (b) of 18 U.S.C. § 1589, provides:

>   Whoever knowingly benefits, financially or by receiving anything of value, from participation in a venture which has engaged in the providing or obtaining of labor or services by any of the means described in subsection (a), knowing or in reckless disregard of the fact that the venture has engaged in the providing or obtaining of labor or services by any of such means, shall be punished as provided in subsection (d).

In this case, Doe has pled ***no facts*** to show that either Barbazette or Mardocco knowingly *participated in* Sanchez's sex trafficking venture. Recall, Doe was allegedly part of Sanchez's sex trafficking ring, such that she would have personal knowledge of many of the day to day activities and workings of the venture. Armed with such knowledge, she has not pled a single fact to suggest how and when Barbazette or Mardocco came to meet Sanchez, how and when they learned Sanchez ran a sex trafficking ring, how or when they purportedly provided Sanchez with protection to assist her in her criminal activity, how or when they allegedly tipped Sanchez off to sting operations or that they even knew such sting operations were occurring, how or when they

participated in the sex ring, how or when they met Doe and learned that she was a victim of Sanchez's sex trafficking ring, how, when or where they allegedly engaged in sexual activity with Doe, or anything else to establish that these two defendants participated in Sanchez's sex trafficking venture. The most that Doe has alleged – and the only things not pled "on information and belief" -are that Barbazette's telephone number was on a communal telephone used by women in Sanchez's sex trafficking ring, Barbazette showed an interest in Woolf's work on NVHTTF and that, on one occasion, Barbazette asked Woolf for the telephone number of a victim of Sanchez's sex trafficking ring. These allegations are insufficient to establish that Barbazette knowingly participated in Sanchez's sex trafficking venture. *See Noble v. Weinstein*, 335 F. Supp. 3d 504, 524 (S.D.N.Y. 2018) (ruling that guilt/liability cannot be established by association alone, but one must allege specific conduct that furthered the sex trafficking ring to establish the "participation" element of the crime/offense).

Further, Doe does not plead any facts to establish that Barbazette or Mardocco benefitted financially or received anything of value from participating in Sanchez's sex trafficking ring. In fact, the only place in the Amended Complaint that financial benefit is mentioned is in Count III, where Doe pleads that "defendants knowingly benefitted sexually ***if not financially***, by participating in the trafficking and prostitution of Jane Doe,…." Am. Compl. ¶ 60. Doe goes on to state, in a footnote, that "[d]iscovery will reveal whether defendants also extorted money from Sanchez for their protection of the sex trafficking venture." Am. Compl., p. 17, fn 5. These assertions show that Doe has no factual basis to suggest that Barbazette or Mardocco benefited financially from participation in Sanchez's sex ring. The federal courts interpreting subsection (b) of 18 U.S.C. § 1589 have made clear that the statutory language requires evidence that a defendant benefitted financially from participation in an illegal venture to state a claim. *See Doe v. Mindgeek*

9

*USA Inc.*, No. SACV 21-00338-CJC(ADSx), 2021 U.S. Dist. LEXIS 176833 (C.D. Cal. Sep. 3, 2021), *H.H. v. G6 Hospitality, LLC*, 2019 U.S. Dist. LEXIS 211090, 2019 WL 6682152, at *2 (S.D. Ohio Dec. 6, 2019).

In summary, Doe makes several conclusory allegations, on information and belief, to try to establish that Barbazette and Mardocco participated in Sanchez's sex trafficking ring. She really makes no effort, whatsoever, to establish that either of these defendants enjoyed a financial benefit or received anything of value from participation in Sanchez's sex trafficking ring. In order to plead a violation of TVRPA, Doe must supply "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663 (quoting *Twombly*, 550 U.S. at 556). What is required here, and what is missing, are factual allegations of participation in Sanchez's sex trafficking ring and receipt of a financial benefit that render a violation of TVRPA plausible on its face. Accordingly, Doe has not stated a viable claim against Barbazette or Mardocco under Subsection (b) of 18 U.S.C. § 1589, and any such claim should be dismissed with prejudice.

### ii.     Count II - Trafficking by Force, Fraud or Coercion in Violation of 18 U.S.C. § 1591 does not state a claim

Doe also claims, in Count II, that Barbazette and Mardocco are liable to her under 18 U.S.C. § 1591 because they "solicited and obtained commercial sex services from Jane Doe, a victim of sex trafficking, when each defendant knew or should have known that Jane Doe was made to engage in commercial sex services by means of force, fraud or coercion in violation of 18 U.S.C. § 1591." Am. Compl., ¶ 60. Remarkably, while Doe concludes that Barbazette and Mardocco actually solicited and obtained commercial sex services from them, not a single fact is pled to support the assertion. That is, Doe has not stated when she allegedly met either of these defendants, where they met her, or described any act that she allegedly engaged in with either

defendant. Had Doe had such interactions with these defendants, which is steadfastly denied, she would have at least some basic factual information to plead to support her claim. Instead, she simply parrots the elements of a cause of action and hopes the court will allow her to proceed forward to determine if there is a factual basis to support a claim against either of these defendants.

Additionally, Doe pleads no facts to show that either of these defendants knew or should have known that Doe was made to engage in commercial sex services by means of force, fraud or coercion. For instance, it is not alleged that either of these defendants witnessed Doe being forced to engage in commercial sex services by means of force, fraud or coercion. There is no factual assertion that Doe told either of these defendants that she was being made to engage in commercial sex services by means of force, fraud or coercion. There is no factual assertion that Sanchez told either of these defendants that Doe was made to engage in commercial sex services by means of force, fraud or coercion. There are no facts that suggest that either of these defendants learned from a third-party source that Doe was made to engage in commercial sex services by means of force, fraud or coercion. While the "knew or should have known" bar may not be a high one, it does require some factual evidence from which the court could conclude that there was some reason that Barbazette and/or Mardocco knew or should have known of Does' alleged plight. Conclusory statements to this effect with no factual support are not sufficient to allow such a claim to proceed. So, again, as with the other claims brought under TVPRA, the court should grant Barbazette and Mardocco's motion to dismiss Count II, and dismiss the count with prejudice.

### C.     Doe Has Not Pled Sufficient Facts to Establish a Conspiracy[4]

Federal trafficking laws provide a cause of action against "[w]hoever conspires with another to [commit enumerated trafficking violations]." 18 U.S.C. § 1594(b). For there to be a conspiracy, there must be ***an agreement*** to violate the prohibition on forced labor. *Stein v. World-Wide Plumbing Supply Inc.*, 71 F. Supp. 3d 320, 330 (E.D.N.Y. 2014) (citing *United States v. Svoboda*, 347 F.3d 471, 476-477 (2d. Cir. 2003)). Conclusory or general allegations of conspiracy are insufficient to withstand a motion to dismiss. *Bay Tobacco, LLC v. Bell Quality Tobacco Prods., LLC*, 261 F.Supp.2d 483, 499-500 (E.D. Va. 2003) (stating to that to survive a motion to dismiss on common law civil conspiracy, plaintiff must plead agreement in more than mere conclusory language because "a conspiracy claim asserted in mere conclusory language is based on inferences that are not fairly or justly drawn from the facts alleged"). Where there are only vague, conclusory allegations of conspiracy, the claim fails at the threshold. *Firestone v. Wiley*, 485 F. Supp. 2d 694 (E.D. Va. 2007); see also *Connor v. Real Title Corp.*, 165 F.2d 291, 294 (4th Cir. 1947) (concluding that conclusory allegations of "vicious conspiracy and collaboration" between three named defendants were insufficient).

In this case, Doe's allegation of conspiracy falls woefully short. Doe maintains that defendants engaged in a conspiracy to obstruct investigation and exposure of sex trafficking taking place within Fairfax County and affirmatively facilitated the ongoing victimization of Doe. She also maintains that defendants conspired to cover up the fact that Fairfax County police officers were actively participating in, and benefitting sexually if not financially from, the work of a local

---

4 Barbazette and Mardocco understand that the other defendants in this case will also be filing a motion to dismiss as it pertains to this count. Inasmuch as Barbazette and Mardocco are alleged to be co-conspirators with the other defendants, they rely on any arguments which the other defendants may raise in support of their motion to dismiss as if fully recited herein.

sex trafficking ring. Yet, Doe points to no facts to establish when these defendants allegedly united or entered an agreement to do any of the things which Doe concludes that they did. In fact, the Amended Complaint does not even allude to any point in time when Barbazette or Mardocco had any interaction with any other defendant as it relates to TVPRA, except insofar as Doe claims that Barbazette was present in a meeting in **2016 (after Doe's escape from Sanchez)** during which Woolf asked that he be able to continue his work on NVHTTF, but have a different supervisor than Barbazette. There is nothing about that assertion which in any way leads or could lead to the conclusion that Barbazette conspired with any other defendant to agree to violate TVPRA. While Doe may not need to plead the existence of an explicit agreement, she does need to allege facts that plausibly show that the defendants "entered into a joint enterprise with consciousness of its general nature and extent." *Stein, supra* (quoting U.S. v. Beech-Nut Nutrition Corp., 871 F.2d 1181, 1191(1989)) (internal quotations omitted). This would require at least a communication between Barbazette and/or Mardocco and their alleged co-conspirators as it relates to the intent to violate TVPRA. Rather than pleading any facts, Doe makes conclusory allegations that Barbazette and Mardocco, in concert with the other defendants, conspired to harm her. These conclusory allegations fail at the threshold, and the claim for conspiracy should be dismissed with prejudice as to Barbazette and Mardocco.

### III.    CONCLUSION

WHEREFORE, for the reasons set forth herein, for reasons which may be argued in any reply to plaintiff's opposition and for reasons which may be argued at any hearing on this matter, Defendants, Michael O. Barbazette and Jason Mardocco, by counsel, request that the court grant their Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and dismiss them with prejudice from this case.

Respectfully submitted,

**MICHAEL O. BARBAZETTE and**
**JASON MARDOCCO**
**By Counsel**

McGAVIN, BOYCE, BARDOT
  THORSEN & KATZ, P.C.
9990 Fairfax Boulevard, Suite 400
Fairfax, Virginia 22030-2514
(703) 385-1000 Telephone
(703) 385-1555 Facsimile
hbardot@mbbtklaw.com
_____/s/_____
Heather K. Bardot, Esquire
Virginia State Bar No. 37269
Counsel for Defendants, Barbazette and Mardocco

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of March, 2022, I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

    Victor M. Glasberg, #16184
    Nickera S. Rodriguez, #95952
    Victor M. Glasberg & Associates
    121 S. Columbia Street
    Alexandria, VA 22314
    703.684.1100 / Fax: 703.684.1104
    vmg@robinhoodesq.com
    *Counsel for Plaintiff*

    Kimberly P. Baucom, VSB 44419
    12000 Government Center Parkway
    Suite 549
    Fairfax, Virginia 22035
    (703) 324-2704 Telephone
    (703) 324-2665 Facsimile
    Kimberly.baucom@fairfaxcounty.gov
    Counsel for Defendants, Baumstark, Scianna,
     Roessler and Fairfax County, Virginia

        McGAVIN, BOYCE, BARDOT
         THORSEN & KATZ, P.C.
        9990 Fairfax Boulevard, Suite 400
        Fairfax, Virginia 22030-2514
        (703) 385-1000 Telephone
        (703) 385-1555 Facsimile
        hbardot@mbbtklaw.com

        _____/s/_____
        Heather K. Bardot, Esquire
        Virginia State Bar No. 37269
        Counsel for Defendants, Barbazette and Mardocco