UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

(Alexandria Division)

| | | |
|---|---|---|
| JANE DOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 1:21-cv-1150 (AJT/JFA) |
| | ) | |
| MICHAEL O. BARBAZETTE, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

RESPONSE TO MOTION TO DISMISS
OF DEFENDANT FAIRFAX COUNTY

Defendant Fairfax County has moved to dismiss plaintiff Jane Doe's amended complaint against it on the ground that the Trafficking Victims Protection Reauthorization Act ("TVPRA") "does not contemplate liability for municipal policy or custom," as a result of which, we are told, "there is not a single case in any federal court in the United States wherein the court has held that a municipal policy or custom claim can be pursued under the TVPRA." ECF 43 at 7.  The county demonstrably errs on both counts – the codified law and the case law – and its motion to dismiss cannot be granted on that basis.  However, for tactical reasons emerging in light of the pending motions to dismiss filed on behalf of the five individual defendants herein, Doe stipulates to the dismissal of the county as a defendant.

Plaintiff Doe notes for the record that, the county's bold *ipse dixit* to the contrary – "not a single case" etc. – notwithstanding, it is clear as a matter of statutory interpretation, logic, common sense and case law that a county can be sued under the TVPRA.  Congress passed the TVPRA in 2000 to help implement the Thirteenth Amendment.  *United States v. Toviave*, 761

F.3d 623, 629 (6th Cir. 2014); *see Muchira v. Al-Rawaf*, 850 F.3d 605, 617 (4th Cir. 2017).  In so doing, and when repeatedly reauthorizing the act, Congress provided no exemption for municipalities or counties, notwithstanding that *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658 (1978) had dramatically expanded their liability in civil rights cases, as "persons"  – the same word that appears in the provision of the TVPRA and TVPRA creating a civil remedy against violators. 18 U.S.C. §1595(a).  Several reported decisions confirm this state of affairs. *Ruelas v. Cty. of Alameda*, 519 F. Supp. 636, 647 (N. D. Cal. 2021) ("[I]t would be incongruous that a county could be liable for violations under the Thirteenth Amendment *** yet be excluded from liability under the [TVPRA] statute that implements that amendment's protections"); *McCullough v. City of Montgomery*, 2019 WL 2112963 at *10 (M.D. Ala. 2019) ("[T]he allegations support a plausible inference that, at the very least, the City 'knowingly benefitted from participation in a venture which [the City] knew or should have known has engaged in' violations of the anti-peonage laws."); *Bridges v. Poe,* 487 F.Supp 3d 1250, 1259 (N.D. Ala. 2020) (suit under TVPRA permitted against sheriff in his official capacity, which "equates to a claim against the City of Jasper").

<u>Conclusion</u>

Since plaintiff Doe stipulates to Fairfax County's county's dismissal as a defendant, the county's motion to dismiss may be granted notwithstanding that it demonstrably lacks merit.

Respectfully submitted,

JANE DOE,

By counsel

Dated: April 14, 2022

Counsel for Plaintiff:

//s// Victor M. Glasberg
Victor M. Glasberg, #16184
Nickera S. Rodriguez, #95952
Victor M. Glasberg & Associates
121 S. Columbus Street
Alexandria, VA  22314
703.684.1100 / Fax: 703.684.1104
vmg@robinhoodesq.com
**Jane Doe\Pleadings\2022-0414-RspToFairfaxCoMTD**

---

Certificate of Service

I, Victor M. Glasberg, hereby certify that on April 14, 2022, I filed the foregoing Response to Motion to Dismiss of Fairfax County with the clerk of the court using the ECF system.

//s// Victor M. Glasberg
Victor M. Glasberg, #16184
Victor M. Glasberg & Associates
121 S. Columbus Street
Alexandria, VA  22314
703.684.1100 / Fax: 703.684.1104
vmg@robinhoodesq.com

Counsel for plaintiff