UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JANE DOE,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL O. BARBAZETTE, ET AL.<br><br>    Defendants. | Case No. 1:21-cv-1150-AJT/JFA |

## STIPULATED PROTECTIVE ORDER

In this action, Plaintff Jane Doe (Plaintiff), alleges that the Defendants violated the Trafficking Victims Protection Reauthorization Act (TVPRA), Pub. L. No. 106-386 § 102(a), 114 Stat. 1464 (2000), as it relates to Plaintiff's victimization by Hazel Marie Sanchez (Sanchez) in a sex trafficking organization between 2010 and 2015. Certain information and records that may be relevant to these claims may be protected by the Privacy Act of 1974, 5 U.S.C. § 552a or may otherwise be deserving of protection from public disclosure as they are confidential, proprietary and/or privileged non-public information. In order to permit the parties to have access to and use such information for the purposes of this litigation without undermining legitimate privacy and confidentiality concerns, and pursuant to Rule 26 of the Rules of Civil Procedure, the parties stipulate and it is hereby ORDERED:

    1.    This Protective Order is intended to facilitate discovery and to eliminate, where possible, disputes between the parties concerning discovery issues by providing court-ordered protection for confidential, proprietary and/or privileged non-public information. It is not however, intended to diminish the rights of any party to have information to which it is entitled, pursuant to any rule or Order of this Court or otherwise.

2. <u>Definitions</u>. "Confidential" as used herein means non-public information that is private or personal whether documentary or otherwise, designated as "Confidential" by the parties, or any third party pursuant to a discovery request, including but not limited to, subpoenas, document requests, interrogatories, depositions, and other discovery requests in the course of discovery in this action. Confidential information includes, but may not be limited to:

    a. Information that is proprietary business, financial, or other commercially sensitive information;

    b. Information related to a person's medical, mental health, social condition or treatment and/or to a person's sexual actions;

    c. Personal private information of the Plaintiff, Defendants, employees of the FCPD, and any non-party fact witness whose private information is sought in discovery;

    d. Personal financial information including pay stubs, bank statements, W-2's and all income tax returns;

    e. FCPD employee personnel files and Plaintiff's employee personnel files to the extent they are sought in discovery;

    f. Information protected by the Privacy Act of 1974, 5 U.S.C. § 552a; and

    g. Plaintiff's name, as per the courts October 27, 2021 order [ECF No. 11].

3. <u>Designation of Confidential Information</u>. Any producing party may designate information as "Confidential," provided such designation is for information which the producing party has taken reasonable measures to ensure its treatment as confidential.

4. <u>Use of Confidential Information</u>. Confidential information shall be used by the party or parties to whom it is produced only for the prosecution and/or defense of claims asserted in this action in accordance with the Federal Rules of Civil Procedure and the Federal Rules of

Evidence. It shall not be used by such party or parties for any other purpose, including but not limited to, any use in any other state, federal, local and/or municipal, administrative or legal proceeding, lawsuit, enforcement action, arbitration, or other proceeding, regardless of the nature or the relationship to the claims asserted in this action.

5. <u>Required Disclosure of Confidential Information</u>.  If a party receives a legally binding subpoena or order which requires production of Confidential information, such party shall provide written notice to all other parties as soon as possible and, in any event, no later than five (5) business days prior to the date that the records become due. In no event shall any party voluntarily comply with a subpoena or order without giving the notice required herein and allowing the party to whom the notice is given an opportunity to challenge the subpoena or order. If a subpoena or order is challenged, the party to whom the subpoena has been served or order directed to shall await a ruling from the court or tribunal before which the matter is raised before releasing any documents. In the event that a party to whom a subpoena has been served or order directed has to file its own motion to quash or stay the subpoena or order to comply with this paragraph, it shall do so.

6. <u>Persons Entitled to See Confidential Information</u>.  Information or documents designated "Confidential" shall not be disclosed by the party or parties to whom it is produced to anyone except:

   a. The Plaintiff, the Defendants, and employees assisting the attorneys of record in this action;

   b. Counsel to the parties to this action and the personnel who work under their supervision, such as paralegals and assistants;

   c. Experts or consultants retained to assist with the case or to serve as expert witnesses

at the trial of this action, who have a need to review such information;

    d.    Non-party fact witnesses at depositions taken during discovery in this action;

    e.    The Court, provided that the procedures set forth herein in Paragraph 9 [handwritten correction over 6] are complied with;

    f.    Court reporters and/or litigation support vendors; and

    g.    Such others persons as mutually agreed upon by all parties.

    7.    **Designation of Written Information and/or Electronic Information as Confidential.** To designate written information and/or electronic information as Confidential Information, the producing party shall mark the information "Confidential" or specifically identify a group or category of documents, written information or electronic information as "Confidential." To designate information contained in electronic data and files as Confidential information, the producing party shall provide written notice to all parties, in advance or simultaneously with the production of the data or file that clearly defines the scope or portion of information or electronic records to be treated as Confidential information.

    8.    **Designation of Deposition Testimony as Confidential.** The indiscriminate or wholesale designation of entire deposition transcripts as Confidential is not permitted. If, however, a party or witness in good faith believes any portion of the testimony in a deposition taken during discovery in this action contains Confidential information and that such designation of the information would be consistent with the purpose of this Order, then such party or witness may designate such information as Confidential, as applicable, according to the terms of Paragraph 3 and 5 of this Order. Any party or witness intending to designate any portion of deposition testimony as Confidential may notify the court reporter and opposing counsel of record during the deposition or within five (5) business days after his or her receipt of the transcript of his/her

intention to designate portions of the transcript as Confidential information and to inform counsel of record in writing of such designation. Until such designations have been completed or the five (5) business days have expired, which first occurs, the transcript shall be treated as Confidential information by all parties and others, including counsel, subject to this Order.

    9.    <u>Filing with the Court</u>. Any party who intends to file Confidential information with the Court (in any form whatsoever) shall comply with Local Rule 5. Nothing in this Order shall restrict the right of a party to rely upon or introduce as evidence at trial information classified as Confidential subject to whatever guidelines the Court may impose in this regard.

    10.    <u>Continuing Effect/Termination of Litigation</u>. Within thirty (30) days following the date of entry of a final order, including but not limited to of disposition, dismissal, and/or withdrawal, and the lapse of any appeal period each party (or counsel, as applicable), upon written request, shall assemble and return to the producing party, or destroy and so certify, all Confidential information, copies thereof.

Notwithstanding the terms contained in this paragraph, counsel for each party shall be permitted to keep one copy of all Confidential information for a period not to exceed five (5) years after the time for conclusion of any appeal. No later than that time, the one copy in possession of counsel for each party shall be destroyed in accordance with the terms of this paragraph. During the five (5) years following the end of any appeal period when counsel for each party maintains, at its option, a single copy of Confidential information, such Confidential information shall not be disclosed to anyone unless it is done in strict accordance with the terms of this order.

    11.    <u>Dispute</u>. If any party disagrees with the designation of any information as Confidential, such party shall notify the producing party and the parties shall then attempt in good faith to resolve their dispute before seeking relief from the Court. The parties agree that, pending

the resolution of any such dispute, they will treat the information subject to such dispute as Confidential under the terms of this Order. The producing party has the burden of proving that the information was properly designated Confidential.

12.  **Inadvertent Production.**  The producing party's inadvertent production of any information or document or material without designating it as Confidential information shall not by itself be deemed a waiver of the producing party's claim of confidentiality as to that information or document or material. If the producing party wishes to designate the information or document or material as Confidential after production, it shall promptly consult with the opposing party and the parties shall make a good faith effort to resolve the matter. If the parties are not able to resolve the matter informally, the producing party may promptly apply to the Court for an Order designating the information or document or material as Confidential or compelling the return of the material as appropriate. The parties agree that, pending the resolution of any such disputed matter, they will treat the information or document or material subject to the Confidential designation as applicable under the terms of this Order.

13.  **Acknowledgement of Agreement.**  All persons to whom Confidential information is disclosed pursuant to this Order shall be bound by this Order. It shall be the responsibility of counsel for each party to this action to insure that persons authorized to receive Confidential information have knowledge of the terms of this Order and agree to be bound by them. Any person breaching the provisions of this Order is subject to the contempt powers of this Court.

14.  **No Waiver.** Having entered into this agreement to facilitate discovery, the parties do not waive any argument that given material should not be treated as confidential within the meaning of this order. In the event of any dispute regarding same, the fact that this protective order

was entered by consent has no bearing on the disposition of any claim that given material is confidential.

SO ORDERED THIS 18th DAY OF May 2022.

/s/
John F. Anderson
United States Magistrate Judge