IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| JANE DOE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No.: 1:21cv1150(AJT/JFA) |
| v. | ) |
| | ) |
| MICHAEL O. BARBAZETTE, et al., | ) |
| | ) |
| Defendants. | ) |

**ANSWER TO SECOND AMENDED COMPLAINT**

COME NOW Defendants, Michael O. Barbazette ("Barbazette") and Jason Mardocco ("Mardocco"), by counsel, and file their Answer to Second Amended Complaint, as follows:

**FIRST DEFENSE**

Defendants respond to the plaintiff's individually numbered paragraphs set forth in the Second Amended Complaint, as follows:

1. Defendants admit that plaintiff brings this action for damages which she contends resulted from sex trafficking, but deny any knowledge or involvement of any sort in that alleged sex trafficking ring. Defendants also admit that the case is brought under the Trafficking Victims Protection Reauthorization Act ("TVPRA"), but again deny all allegations suggesting that they violated TVPRA. Defendants do not contest jurisdiction in this court. To the extent that plaintiff claims that she was trafficked and forced to work as a prostitute, these defendants lack knowledge to respond. The remaining allegations are denied, and defendants demand strict proof in support thereof.

2. Defendants admit that the court granted plaintiff leave to proceed under the

pseudonym "Jane Doe" and that her name has been provided to defendants under the terms of a protective order. Defendants lack knowledge to respond to the remaining allegations and demand strict proof in support thereof.

   3.  Defendants are unclear what plaintiff means by "[A]t all relevant times," and also is unclear what is intended by "supervisory police officers." Therefore, the allegations are denied, as pled, and defendants demand that plaintiff provide strict proof to support her allegations.
. Defendants lack knowledge to respond to the remaining allegations and demand strict proof in support thereof.

   4.  Defendants lack knowledge to respond to the allegations and demand strict proof in support thereof.

   5.  Defendants lack knowledge to respond to the allegations and demand strict proof in support thereof.

   6.  Defendants lack knowledge to respond to the allegations and demand strict proof in support thereof.

   7.  Defendants lack knowledge to respond to the allegations and demand strict proof in support thereof.

   8.  Defendants lack knowledge to respond to the allegations and demand strict proof in support thereof.

   9.  Defendants lack knowledge to respond to the allegations and demand strict proof in support thereof.

   10.  Defendants lack knowledge to respond to the allegations and demand strict proof in support thereof.

   11.  Defendants lack knowledge to respond to the allegations and demand strict proof

in support thereof.

12. Defendants lack knowledge to respond to the allegations and demand strict proof in support thereof.

13. Defendants lack knowledge to respond to the allegations and demand strict proof in support thereof.

14. Defendants lack knowledge to respond to the allegations and demand strict proof in support thereof.

15. Defendants lack knowledge to respond to the allegations and demand strict proof in support thereof.

16. Defendants lack knowledge to respond to the allegations in the first two sentences and demand strict proof in support thereof. The remaining allegations are denied, as pled, and strict proof is demanded in support thereof.

17. Defendants deny the allegations and demand strict proof in support thereof.

18. Defendants deny the allegations and demand strict proof in support thereof.

19. Defendant, Barbazette, admits that he was Detective Woolf's supervisor for a lengthy period of time. The remaining allegations are denied, and defendants demand strict proof in support thereof.

20. Defendants deny the allegations and demand strict proof in support thereof.

21. Defendants admit that Det. Woolf conducted "knock and talks." Otherwise, the allegations are denied and strict proof is demanded in support thereof.

22. Defendants deny the allegations and demand strict proof in support thereof.

23. Defendants deny the allegations and demand strict proof in support thereof.

24. Defendants deny the allegations and demand strict proof in support thereof.

25. Defendants deny the allegations and demand strict proof in support thereof.

26. Defendants deny the allegations and demand strict proof in support thereof.

27. Defendant, Barbazette, denies that he engaged in unusual and disruptive actions or gave orders of this sort to Detective Woolf. As for what transpired between Detective Woolf and Captain Baumstark, these defendants lack knowledge to respond and demand strict proof in support thereof.

28. Defendants lack knowledge to respond to the allegations and demand strict proof in support thereof.

29. To the extent that the allegations are directed at Barbazette and Mardocco, they are denied. To the extent the allegations are directed toward other unidentified individuals at FCPD, defendants lack knowledge to respond and demand strict proof in support thereof.

30. Defendant, Barbazette, admits that there was a time when Detective Woolf asked to be placed with a different supervisor. Otherwise, the allegations are denied and strict proof is demanded in support thereof.

31. Defendant, Barbazette, admits that he was angry when Detective Woolf asked to be placed with a different supervisor because Detective Woolf made the request in an inappropriate manner and forum, without any warning. Otherwise, the allegations are denied and strict proof is demanded in support thereof.

32. Defendant Barbazette denies that he ever ordered Detective Woolf not to investigate trafficking cases or to close out cases. Otherwise, these defendants lack knowledge to respond to the allegations and demand strict proof in support thereof.

33. Defendants deny the allegations, as pled, and demand strict proof in support thereof.

34. Defendants lack knowledge to respond to the allegations and demand strict proof in support thereof.

35. Defendants lack knowledge to respond to the allegations and demand strict proof in support thereof.

36. Defendants lack knowledge to respond to the allegations and demand strict proof in support thereof.

37. Defendants lack knowledge to respond to the allegations and demand strict proof in support thereof.

38. Defendants lack knowledge to respond to the allegations and demand strict proof in support thereof.

39. Defendants lack knowledge to respond to the allegations and demand strict proof in support thereof.

40. Defendants lack knowledge to respond to the allegations and demand strict proof in support thereof.

41. Defendants lack knowledge to respond to the allegations and demand strict proof in support thereof.

42. Defendants lack knowledge to respond to the allegations and demand strict proof in support thereof.

43. Upon information and belief, defendants deny that Detective Woolf resigned from FCPD in September 2017 for the reasons stated. Instead, defendants believe that Detective Woolf resigned due to an internal affairs' investigation and accusations raised as a part thereof. Otherwise, these defendants lack knowledge to respond to the allegations and demand strict proof in support thereof.

44.     Defendants lack knowledge to respond to the allegations and demand strict proof in support thereof.

45.     Defendants lack knowledge to respond to the allegations and demand strict proof in support thereof.

46.     Defendants lack knowledge to respond to the allegations and demand strict proof in support thereof.

47.     Defendants lack knowledge to respond to the allegations and demand strict proof in support thereof.

48.     Defendants deny the allegations, as pled, and demand strict proof in support thereof.

49.     Defendants deny the allegations, as pled, and demand strict proof in support thereof.

50.     Defendants deny the allegations, as pled, and demand strict proof in support thereof.

51.     Defendants deny the allegations and demand strict proof in support thereof.

52.      Defendants deny the allegations and demand strict proof in support thereof.

53.     Defendants deny the allegations and demand strict proof in support thereof.

54.     Defendants deny the allegations and demand strict proof in support thereof.

55.     Defendants deny the allegations and demand strict proof in support thereof.

56.     Defendants deny the allegations and demand strict proof in support thereof.

57.     Defendants deny the allegations and demand strict proof in support thereof.

58.     Defendants deny the allegations and demand strict proof in support thereof.

## SECOND DEFENSE

Defendants reserve the right to rely upon any and all affirmative defenses which become known through discovery and/or through evidence presented at trial including, and, without waiver

at this time, the affirmative defenses of sovereign immunity, statute of limitations and failure to mitigate damages.

## THIRD DEFENSE

Defendants deny that the plaintiff was injured or damaged in the manner or to the extent alleged and demand strict proof of all damages and injuries claimed in this litigation.

## FOURTH DEFENSE

Defendants deny that the plaintiff suffered any violation of federally protected rights or that they had any involvement in the sex ring referenced in the Second Amended Complaint or with plaintiff. The allegations in the Second Amended Complaint are completely fabricated, and defendants reserve the right to file a Rule 11 motion at the appropriate time.

## FIFTH DEFENSE

Defendants deny that the Second Amended Complaint sets forth facts which establish a cause of action against them.

## SIXTH DEFENSE

To the extent that the Second Amended Complaint contains an allegation which has not been addressed heretofore, the allegation is denied and strict proof is demanded in support thereof.

## SEVENTH DEFENSE

Defendants deny that plaintiff is entitled to relief for "an order barring any sort of retaliation by defendants or their privies against Detective Woolf for his testimony in this case."

## JURY DEMAND

Defendants demand a trial by jury on all issues.

WHEREFORE, having answered the First Amended Complaint, the defendants, Michael O. Barbazette and Jason Mardocco, by counsel, pray that the Second Amended Complaint be

dismissed and that they be awarded costs expended, and such other and further relief as the court may deem appropriate in the matter.

                    Respectfully submitted,

                    **MICHAEL O. BARBAZETTE and**
                    **JASON MARDOCCO**
                    **By Counsel**

McGAVIN, BOYCE, BARDOT
  THORSEN & KATZ, P.C.
9990 Fairfax Boulevard, Suite 400
Fairfax, Virginia 22030-2514
(703) 385-1000 Telephone
(703) 385-1555 Facsimile
hbardot@mbbtklaw.com

    /s/_____
Heather K. Bardot, Esquire
Virginia State Bar No. 37269
Counsel for Defendants, Barbazette and Mardocco

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of May, 2022, I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Victor M. Glasberg, #16184
Nickera S. Rodriguez, #95952
Victor M. Glasberg & Associates
121 S. Columbia Street
Alexandria, VA 22314
703.684.1100 / Fax: 703.684.1104
vmg@robinhoodesq.com
*Counsel for Plaintiff*

Kimberly P. Baucom, VSB 44419
12000 Government Center Parkway
Suite 549
Fairfax, Virginia 22035
(703) 324-2704 Telephone
(703) 324-2665 Facsimile
Kimberly.baucom@fairfaxcounty.gov
Counsel for Defendants, Baumstark, Scianna,
 Roessler and Fairfax County, Virginia

McGAVIN, BOYCE, BARDOT
 THORSEN & KATZ, P.C.
9990 Fairfax Boulevard, Suite 400
Fairfax, Virginia 22030-2514
(703) 385-1000 Telephone
(703) 385-1555 Facsimile
hbardot@mbbtklaw.com

_____/s/_____
Heather K. Bardot, Esquire
Virginia State Bar No. 37269
Counsel for Defendants, Barbazette and Mardocco