UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| JANE DOE, | ) |
|     Plaintiff, | ) |
| v. | )    Case No. 1:21-cv-1150 (AJT/JFA) |
| FAIRFAX POLICE OFFICER No. 1, *et al.*, | ) |
|     Defendants. | ) |

MEMORANDUM IN OPPOSITION TO SUPERVISORY
DEFENDANTS' SECOND MOTION TO DISMISS

Defendants James Baumstark, Vincent Scianna, and Edwin Roessler (hereafter referred to as "the supervisory defendants" or "supervisors") have moved to dismiss Jane Doe's second amended complaint charging them, in Count II, with obstruction and interference with enforcement of the Trafficking Victims Protection Reauthorization Act ("TVPRA"), and in Count III, with conspiracy to obstruct and interfere such enforcement. Their motion is predicated in part on a single outlier decision by a United States district judge in California that (for good reason) enjoys no support in any other reported decision and is contrary to a decision of a judge of this Court, and in part on an apparent and demonstrable misreading of the allegations of the amended complaint at bar. The motion should be denied.

Background

The Court is familiar with Doe's allegations from her amended complaint (ECF 13), the sufficiency of which the Court adjudicated in its memorandum opinion overruling the defenses of intra-corporate immunity and qualified immunity as applied to this case, and granting Doe leave to amend to correct mistaken statutory references. ECF 60. The second amended complaint makes no changes in the factual allegations against the supervisors, and in this memorandum Doe does not summarize her averments against them again. Most of what is at issue on this motion is assessment of a single judicial decision.

A. The Court Should Follow *Doe v. Howard,* Not *Doe v. Fitzgerald*

In *Doe v. Howard*, 2012 WL 3834867 (E.D. Va. Sep. 4, 2012), the court, per both Magistrate Judge Jones and Judge O'Grady, ruled, *inter alia*, against defendant Russell Howard for obstructing enforcement of 18 U.S.C. §1590(b). Howard had interfered with efforts on the part of the United States State Department to investigate claims of abuse lodged by his former domestic worker (ECF 1 at ¶¶65-72). While the case has factual differences from this one, it is not materially different from an analytic standpoint. It provides useful guidance relative to the adjudication at bar.[1]

---

[1] The fact that *Doe v. Howard* included an adjudication of default does not nullify its significance as a federal judicial ruling. Judges do not simply rubber-stamp averments in an uncontested complaint. In *Doe v. Howard*, the magistrate judge expressly found that the plaintiff's allegations "establish liability as to each defendant against whom each count is alleged," ECF 119 at 4. The district judge adopted those findings and awarded damages to the plaintiff of $3,306,468. 2012 WL 3834867 at *1.

The supervisory defendants would have this Court ignore *Doe v. Howard* and rely instead on *Doe v. Fitzgerald*, 2022 WL 425016 (C.D. Cal. Jan. 6, 2022). There are three problems with *Doe v. Fitzgerald*, and a fourth with the supervisors' presentation of that case: (1) the *Doe v. Fitzgerald* plaintiffs did not allege a violation of the obstruction provision in their second amended complaint, (2) the sole case on which *Doe v. Fitzgerald* relies does not support the position for which that case is now cited, and (3) the case is manifestly erroneously decided. Finally, the supervisors mis-state a crucial holding of an associated case.

(1) The plaintiffs in *Doe v. Fitzgerald* filed three complaints in their lawsuit before a portion of the second amended complaint was dismissed. As the district court noted, the plaintiffs failed "to even allege a violation of section 1591(d) in the S[econd] A[mended] C[omplaint]." *Id.* at *4. Under FED. R. CIV. P. 8(a), this can have, and often has, consequences, particularly the third time around. In the instant case, Jane Doe has alleged a violation of §1591(d).

(2) At *4, *Doe v. Fitzgerald* cites *Gilbert v. United States Olympic Committee*, 423 F. Supp. 3d 1112 (D. Colo. 2019) for the proposition that trafficking victims such as the plaintiffs in that case (or the instant one) lack a private right of action under 18 U.S.C. §1591(d) for obstruction of efforts to enforce the TVPRA. But *Gilbert* stands for no such rule, and does not support the principle for which it is presented as the sole authority. *Gilbert* stands for the uncontested proposition that the "TVPA's obstruction provisions are concerned only with governmental enforcement of the TVPA. Obstruction of a private investigation does not give rise

3

to liability . . . ." *Gilbert*, 423 F. Supp. 3d at 1143.² In the instant case, Jane Doe charges all defendants with obstructing and interfering with the work of a Fairfax police detective assigned to sex trafficking work, and a federal-local task force attempting to put an end to sex trafficking in Northern Virginia. ECF 1 ¶¶16-43. During much of the time such obstruction and interference were in place, Jane Doe was suffering abuse at the hands of her traffickers.

(3) Respectfully, apart from resting on inapposite authority, *Doe v. Fitzgerald* is wrongly decided on the point at issue. Chapter 77 of Title 18 of the United States Code includes §1591(d), which renders unlawful "obstruct[ing], attempt[ing] to obstruct, or in any way interfer[ing] with or prevent[ing] the enforcement" of the TVPRA. Section 1595(a) provides that "[a]n individual who is a *victim of a violation of this chapter* may being a civil action against the perpetrator. . . ." (Emphasis added.) As a matter of statutory construction, the English language, and logic, pursuant to §1595(a) Jane Doe, an undoubted victim of the violation of the TVPRA, can bring a civil claim against supervisory police personnel who, as alleged, obstructed or interfered with the enforcement of that statute. Judges O'Grady and Jones were correct in their analyses in *Doe v. Howard*.

The notion that solely the government is the aggrieved victim of a conspiracy to obstruct enforcement of the TVPRA, and thus the only party entitled to bring a civil suit for violation of §1591(d), flies in the face of Congress's provision of broad relief to trafficking victims, nullifies a congressionally mandated civil remedy for victimized individuals, and upends conventional

---

²The plaintiffs had accused a private entity – the United States Olympic Committee – of interfering with an investigation carried out by a second private entity, USA Taekwondo, Inc. ("USAT"). An obstruction claim against USAT survived, however, where the court found that a USAT representative had lied to Congress about alleged TVPA violations. *Id.* at 1144.

rules of statutory construction. Doubtless, the criminal offense of obstruction of justice is prosecuted solely by the government, and culprits can be made to pay fines to the public fisc. But the fact that the government alone can proffer criminal charges under the TVPRA does not nullify Congress's extension of a civil remedy to "[a]n individual who is a victim of a violation of this chapter."[3] 18 U.S.C. § 1595. "The preeminent canon of statutory interpretation requires us to 'presume that [the] legislature says in a statute what it means and means in a statute what it says there.' Thus, our inquiry begins with the statutory text, and ends there as well if the text is unambiguous." *BedRoc Ltd., LLC v. United States*, 541 U.S. 176, 183 (2004) (internal citation omitted). While "private causes of action typically cannot be inferred from criminal statutes, that is irrelevant where Congress expressly provides for a private cause of action." *Hernandez v. Attisha,* 2010 WL 816160 at *3 (S.D. Cal. Mar. 5, 2010) (civil claim by domestic worker under §§1584 and 1590 permitted).

Finally, the supervisors incorrectly state that in the related case of *Gilbert v. USA Taekwando Inc.,* 2020 WL 2800748 (D. Colo. May 29, 2020) the court dismissed the plaintiffs' TVPRA claims because at the time of the alleged obstruction "there was no ongoing government investigation." ECF 65 at 7. In fact, this decision holds just the opposite. The court denied the requested dismissal on a finding that "there are sufficient allegations that USAT interfered or

---

[3]"This chapter," Chapter 77 of Title 18 of the United States Code, sets forth the TVPRA. A similar scheme appears at 18 U.S.C. §1964(c), providing a civil remedy for persons injured by criminal violations of the Racketeer Influenced and Corrupt Organizations Act. *See also* 42 U.S.C. §1985(2) providing an individual civil remedy for one victimized "if two or more persons conspire for the purpose of impeding, hindering, obstructing or defeating, in any manner, the due course of justice in any State or Territory . . . with intent to deny any citizen the equal protection of the laws."

obstructed law enforcement investigators (whether local or federal) such that the claim of obstruction is plausibly pled." *Id.* at *9.

The supervisors' second-tier objections and authority do not call for a different result. *Thornton v. Daly City*, 2021 WL 965365 (N.D. Cal. Mar. 15, 2021) stands for the settled proposition that police authorities are not required to investigate to the satisfaction of complaining witnesses. "Plaintiff's theory, predicated on the idea that investigating authorities did not act as Plaintiff thought they should have is inadequate as a matter of law." *Id.* at *6. This unremarkable holding sheds no light on the conspiracy claims here at issue. In *United States v. Brinson,* 772 F.3d 1314 (10th Cir. 2014), a single interfering telephone call was sufficient to support criminal conviction for obstruction under §1591(d). Given the number of actors and acts of inference presented by the instant case, Jane Doe's case is, if anything, *a fortiori* to *Brinson*. *United States v. Farah*, 766 F.3d 599 (6th Cir. 2014) is another example of a one-off constituting criminal obstruction, in this case by a witness who, having received transactional immunity, violated a court order to testify against gang members accused of sex trafficking. In the case at bar, in contrast, we have several ranking police officials ganging up on and effectively trying to shut down the county's primary sex trafficking investigator, at a time when he was charged to persevere with a joint county-federal initiative to extirpate sex trafficking in the region.[4] This interference – ultimately proving successful when the investigator resigned – went back to 2014, when Jane Doe was being abused by the Sanchez

---

[4]The supervisors' persistent focus in their brief on an FBI investigation that began only after (and because) Jane Doe fled from the Sanchez ring is misplaced. The obstruction at issue is of antecedent efforts by FCPD and the joint county-federal task force to address sex trafficking in the county. *See* the second amended complaint, ECF 61 at ¶¶16-18, 22, 27-42.

trafficking ring, and went forward to 2018, when, with Doe's assistance, the FBI (not the FCPD) shut the ring down. Jane Doe does not here repeat her allegations of complicity by the supervisory defendants and respectfully directs the Court and counsel to her second amended complaint, ECF 61 at ¶¶16-42.

B. Before The Court is a Motion to Dismiss, Not For Summary Judgment

In response to the supervisors' additional argument that Jane Doe has not provided sufficient factual detail to support her claims against them, Doe respectfully refers the Court and counsel to her opposition to defendants' initial motions to dismiss, ECF 50 at 3-6, and the Court's order on that motion, ECF 60 at 7-12. The only thing that has changed since then is the receipt by the undersigned of discovery from FCPD confirming certain critical portions of Jane Doe's allegations initially presented solely on information and belief. As all counsel well understand, we now have not only smoke, but fire.[5]

---

[5] From documentation designated confidential by FCPD and obtained pursuant to subpoena following the filing of the second amended complaint, it also appears that misleading representations were made in FCPD reports by at least one of the supervisory defendants herein, regarding matters material to this lawsuit. Review of the abundant FCPD discovery is ongoing, and more discovery is anticipated shortly from the FBI. Counsel respectfully submits that Jane Doe's second amended complaint now at bar satisfactorily addresses the statutory reference issues causing dismissal of the prior complaint with leave to amend. Should the Court find otherwise, counsel would respectfully seek leave to file another amended complaint incorporating FCPD and FBI information provided pursuant to subpoena. It is hardly Jane Doe's fault that her case must be built with bricks provided – as they are in the process of being provided, however slowly – by third parties.

Conclusion

For these reasons, and for those stated in the Court's memorandum opinion of May 11, 2022 (ECF 60), the supervisory defendants' motion to dismiss should be denied.[6]

Respectfully submitted,

JANE DOE,

By counsel

Dated: May 26, 2022

Counsel for Plaintiff:

//s// Victor M. Glasberg
Victor M. Glasberg, #16184
Nickera S. Rodriguez, #95952
Victor M. Glasberg & Associates
121 S. Columbus Street
Alexandria, VA 22314
703.684.1100 / Fax: 703.684.1104
vmg@robinhoodesq.com
nsr@robinhoodesq.com
JaneDoe\Pleadings\OppSupervisors'2dMTD

Certificate of Service

I, Victor M. Glasberg, hereby certify that on this 26th day of May, 2022, I filed the foregoing Memorandum in Opposition to Supervisory Defendants' Second Motion to Dismiss with the clerk of the court via the Court's ECF system.

//s// Victor M. Glasberg
Victor M. Glasberg, #16184
Victor M. Glasberg & Associates
121 S. Columbus Street
Alexandria, VA 22314
703. 684.1100 / Fax: 703.684.1104
vmg@robinhoodesq.com
Counsel for Plaintiff

---

[6] On the defense of qualified immunity, Jane Doe rests on her half-page argument in her memorandum opposing defendants' initial motions to dismiss, ECF 50 at 27, and on the Court's memorandum order of May 11, 2022, ECF 60, at 12, and does not argue the matter further here.