UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

(Alexandria Division)

| | |
|---|---|
| JANE DOE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case #1:21-cv-1150 (AJT/JFA) |
| | ) |
| FAIRFAX POLICE OFFICER #1, *et al.* | ) |
| | ) |
| Defendants. | ) |

MOTION FOR LEAVE TO FILE PHOTOGRAPHIC AND
VIDEO EVIDENCE WITH COURT and WAIVER OF HEARING

Plaintiff Jane Doe, by counsel, moves this court for leave to file in the record of this case certain photographic and video evidence from a website advertising commercial sex, dating from the time when Doe was ensnared by the Sanchez sex trafficking ring. The website includes photographs of women victmized by the Sanchez ring during the time at issue in this lawsuit. In support of this motion, Doe respectfully represents as follows:

In this lawsuit, Doe claims that defendants, current and former Fairfax police officers, knew or should have known that Sanchez was running an organized sex trafficking ring at the time they allegedly secured sexual services from the ring or obstructed efforts to investigate and take down the ring. All defendants deny the allegations.[1]

---

[1]Given the objection of counsel for defendants Barbazette and Mardocco, no further elaboration of defendants' position is offered here, so that this motion need not be filed under seal. Sealing would be appropriate given defense counsel's contention that in its original form, shared with defense counsel, this motion fell within the protective order in this case. The applicability of the protective order to this motion – or generally – is not here at issue.

Doe proposes to put the lie to these denials. To this end, Doe will, *inter alia*, present evidence that organized sex trafficking was an open secret in Fairfax County (as elsewhere), that sex workers were known to be mostly trafficked women, and that this was common knowledge among police officers mandated – in principle – to shut this trade down. Doe's experts, both of whom have testified as experts on sex trafficking, opine that it is ludicrous for local police officers, who were trained on sex trafficking as defendants were, to deny knowledge that local sex workers were routinely trafficked by organized ventures. Such evidence is probative of Doe's claims against all the defendants.

On-line research by one of Doe's experts on June 22, 2022 revealed, within less than ten minutes, the continuing, if grossly outdated, existence of a commercial sex website active at the time relevant to this lawsuit. To this day, it advertises a host of women, including Doe, as being available for sale for sex in the backyard of the Fairfax County Police Department. This is <https://washingtondc.sugarnights.com > (last visited July 7, 2022).

It is possible to download the entire website onto a flash drive.

Examining this site carefully would require accessing literally hundreds, if not thousands, of photographs and videos: something the undersigned has not done and will not do. Some of the subjects may have been, at the time, underage. In this event, mere possession of such a photograph might be considered criminal. This gives rise to the problem at hand, exemplified by *Doe v. Boland*, 630 F.3d 491, 493 (6th Cir 2011), *cert. denied*, 698 F.3d 877 (2013).

In *Doe v. Boland*, a lawyer representing a defendant in a child pornography prosecution retained an expert (who also was a lawyer) to assist in presenting the defense that the defendant did not know his subjects were under age. The expert took images of minors from a stock photo

website and "morphed" them into child pornography by combining them with pornographic images of adults. For his pains in providing exhibits in aid of negating the crime's scienter requirement, the expert was charged with, and ultimately admitted to, knowing possession of child pornography. When the minors whose faces were used in the pictures sued him under 18 U.S.C. §2255, the Sixth Circuit did not excuse his conduct:

> The provisions encompass all violations of [the statute], not some of them. As with the terms of the underlying substantive provision, so with the terms of the civil remedy provisions. . . . . . . Congress means business when it comes to enforcing the child pornography laws. . . .

*Id.* at 495-96.

The undersigned wishes to be able to access the depictions of adult women on this website without inadvertently being "in possession" of photographs of any minors who might have been trafficked by Sanchez and made their way via photo or video into the SugarNights website. To this end, counsel seeks leave to file with the Court a flash drive containing the website content. The reason for this precaution is that since Doe has no control over the website, it may be taken down or modified by its unknown handlers without notice. The undersigned does not propose to "possess" the contents of the entire website.[2] Were the site taken down or modified, Doe would be denied existing evidence supporting her claim regarding the organized sex trafficking enterprise by which she was victimized, and that she claims defendants knew or should have known existed. This motion follows.

---

[2]Photographs from this website of one adult "escort" (with her face obscured) have been shared with all counsel as part of the report of one of Doe's experts. The problem at issue is not with photographs of adults, but of unknown minors, if any, on the website.

Discussion

Defendants are free to contend, if they see fit, that they were ignorant of sex workers being victims of organized trafficking, and ignorant as well of the Sanchez venture operating in their back yard.  So too must Doe be able to present appropriate evidence impeaching that defense, and supporting her contention  –  sufficient to establish liability under the Trafficking Victims Protection Reauthorization Act  –  that local law enforcement officers knew or should have known that the local women selling sex, including those allegedly frequented and protected by the defendants, were trafficked by organized ventures, including specifically the Sanchez venture.  This is what Doe's fact and expert witnesses will contend at trial.  The website sought to be preserved here in its entirety constitutes evidence probative of this claim, and thus of defendants' potential liability under 18 U.S.C. §1595.  Doe must be free to present such evidence without her lawyer's facing possible criminal charges for inadvertent possession of child pornography.

Conclusion

For these reasons, Doe's motion to file the SugarNights website with the clerk should be granted, with appropriate arrangements being made to permit all counsel to access use same as needed in aid of prosecution and defense of the case.   Subject to any oppositions any of the defendants may file, Doe waives a hearing on this motion and requests its adjudication on the pleadings.

Respectfully submitted,

JANE DOE,

By counsel

Dated: July 10, 2022

Counsel for Plaintiff:

//s// Victor M. Glasberg
Victor M. Glasberg, #16184
Nickera S. Rodriguez, #95952
Victor M. Glasberg & Associates
121 S. Columbus Street
Alexandria, VA 22314
703.684.1100 / Fax: 703.684.1104
vmg@robinhoodesq.com
nsr@robinhoodesq.com
DoeJane2021\PldgsECF\2022-0710-MFilePhotoVideoEvidence

Certificate of Service

I, Victor M. Glasberg, hereby certify that on this 10th day of July 2022, I electronically filed the foregoing Motion for Leave to File Photographic and Video Evidence and Waiver of Hearing with the clerk of the court.

//s// Victor M. Glasberg
Victor M. Glasberg, #16184
Victor M. Glasberg & Associates
121 S. Columbus Street
Alexandria, VA 22314
703.684.1100 / Fax: 703.684.1104
vmg@robinhoodesq.com

Counsel for Plaintiff