IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| JANE DOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 1:21cv1150(AJT/JFA) |
| ) | |
| FAIRFAX POLICE OFFICER #1, et al., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE*
(FILED OCTOBER 28, 2022)**

COME NOW defendants, Michael O. Barbazette ("Barbazette") and Jason Mardocco ("Mardocco"), by counsel, and in opposition to the motion *in limine* filed on October 28, 2022 by plaintiff, Jane Doe ("Doe") state, as follows:

**I.      INTRODUCTION**

Doe contends in her motion *in limine* that "[t]his case addresses whether two former Fairfax police officers benefitted from the Sanchez trafficking venture in the period 2010-2015, and whether three other former Fairfax police officers 'obstruct[ed] … or in any way interfere[d] with or prevent[ed] the enforcement of the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 18 U.S.C. § 1591(d) in the same period." ECF No. 214, p. 5. This characterization of the case misses the mark and puts the cart before the horse.

As a starting point, Doe brought this suit asserting that she was a victim of Hazel Sanchez's ("Sanchez") alleged sex trafficking venture. As such, she claims that she is entitled to damages by way of a civil suit authorized by the TVPRA. Before a jury ever attempts to determine whether any defendant benefitted from a sex trafficking venture run by Sanchez or whether any defendant

1

obstructed the enforcement of the TVPRA, none of which occurred, the jury will have to determine if Sanchez actually ran a sex trafficking venture and, if so, whether Doe was a victim thereof. These issues are hotly disputed, and it is Doe who will have the burden of proof.

Recognizing the high hurdle that she faces in establishing that she was a victim of any sex trafficking venture, Doe seeks *in limine* to have the court exclude relevant, admissible evidence which will call her claims into serious question and also to have the court approve in advance of trial evidence which she deems favorable to her case. Barbazette and Mardocco submit that Doe's requests are without merit or, at the very least, premature. They should be denied.

II. **LAW AND ARGUMENT**

A. **Legal Standard**

"A motion in limine to exclude evidence, … , should be granted only when the evidence is clearly inadmissible on ***all*** potential grounds. 'This principle applies because 'a court is almost always better situated during the actual trial to assess the value and utility of evidence.'" *United States v. Verges*, No. 1:13cr222, 2014 U.S. Dist. LEXIS 17969 at *6 (E.D. Va. Feb. 12, 2014) (citing *Silicon Knights, Inc. v. Epic Games, Inc*., No. 5:07-CV-275-D, 2011 U.S. Dist. LEXIS 128897, 2011 WL 5439156, at *1 (E.D.N.C. Nov. 8, 2011)( (emphasis added).

B. **Questioning as to whether Doe ever** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Doe contends that she never ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮ Doe, however, is far from a credible witness, which will be readily apparent at trial. Her answers to crucial questions in this case have been contradictory, if not provably false. That being said, since Doe asserted at her deposition that she never ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮, counsel for Barbazette and Mardocco certainly do not intend to ask **her** that question at trial. That appears to be the scope of Doe's motion *in limine* on this topic. To be clear, however,

Barbazette and Mardocco oppose any order which would preclude them from asking questions of other witnesses[1] about whether Doe admitted that she ▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.

As eluded to at the outset of this opposition, Barbazette and Mardocco dispute that Doe was a victim of any sex trafficking venture. They intend to prove that she ▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇ was fully aware of and complicit in traveling to the United States from Costa Rica ▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Barbazette and Mardocco believe that Sanchez, if made to testify at trial,[2] will provide evidence that Doe became known to her ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ was interested ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. If this proves true, it will be part of the narrative that defendants will introduce to establish that Doe was, at all times, ▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇.

**C. Inquiry into Doe's** ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

As noted above, Barbazette and Mardocco maintain, and intend to prove, that Doe was a ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. They believe that Sanchez can establish this

---

[1] Barbazette and Mardocco do not intend to call Doe's former husband as a witness at trial, as he is beyond the reach of the court. Otherwise, he would certainly have been subpoenaed as a witness.

[2] Barbazette and Mardocco attempted to depose Sanchez. During the deposition, she responded to some questions from Doe's counsel, but pled the 5th Amendment to almost every question asked by defense counsel. In answering Doe's counsel's questions, Sanchez waived her 5th Amendment privilege as to questions posed by defense counsel. Further, many of the questions from defense counsel to which she raised a 5th Amendment privilege clearly are not covered by the privilege at the outset. A motion to overrule her objections and compel her testimony was filed and argued to the magistrate judge assigned to this case. While he commented that he agreed that the 5th Amendment was not properly asserted to certain questions, he declined to go through the transcript and make rulings as to each question to which the privilege was asserted, instead indicating that Sanchez could be subpoenaed to trial and the presiding judge could rule on what she was and wasn't required to answer. Sanchez is under subpoena, issued by Barbazette and Mardocco, to attend trial.

████████████████████████████████████████████████████ ██████

████ ████████████████████████████ furthers the credibility of defendants' position.

Doe is free to try to "explain away" why ████████ ████████████ after 2015 following her "escape" from Sanchez, but defendants are entitled to present evidence which calls into question whether Doe is a person ████████████████████████████████ The fact that Doe believes that no one will dispute ████████████████████████ ████████████████████ is of no import. The jury does not have to believe her, and defendants submit that it is highly likely that the jury will question much of what Doe says.

Additionally, Barbazette and Mardocco have identified Patrick Hairabedian ("Hairabedian") as a witness. Hairabedian ████████████ ████████████, met in 2015, *after leaving Sanchez's acquaintance*. ████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████ If the court were to grant Doe's motion to exclude inquiry into Doe's ████████████████████ it would likely result in defendants being prohibited from calling Hairabedian as a witness or having him testify as to facts and admissions by Doe ████████████████████████████████████.

Given the above, Barbazette and Mardocco submit that it would be clear error for the court to rule, especially *in limine*, that defendants are precluded from "inquiry into Doe's █████████ █████████."

### D. Evidence that according to her criminal case, Sanchez ███████████ ███████████████████████████, and was not charged under the TVPRA

Throughout the pendency of this case, Doe has attempted to use ***select portions*** of the record from Sanchez's criminal case to bolster her claim that she was a victim of a sex trafficking venture run by Sanchez.[3] Most recently, in her Opposition to Defendant Barbazette and Mardocco's Motion for Summary Judgment, ECF No. 210, Doe cites extensively to Sanchez's criminal court records ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ In so doing, the suggestion is that Sanchez was charged and/or convicted of running a sex trafficking venture, coercion in aid of prostitution, or some TVPRA violation. She was not, as Doe herself admits. *Id.*, p. 9.

The fact of the matter is that Sanchez was indicted on two counts. Count I was violation of Virginia Code § 18.2-348 (aiding prostitution or illicit sexual intercourse), Title 18, U.S.C., Section 2421(a) (transportation of an individual in interstate commerce with the intent that person will engage in prostitution), and 18 U.S.C., Sections 1952(a)(3) and 2 (same). Count II charged a violation of 18 U.S.C., Sections 2422(a) and 2 (coercion and enticement). There was no charge for operation of a sex trafficking venture, nor was there any charge under the TVPRA.

Sanchez ultimately pled guilty only to Count I, 18 U.S.C. §§ 1952(a)(3) and 2. During sentencing, the government sought an enhancement of Sanchez's sentence under the Guidelines

---

[3] Barbazette and Mardocco plan to file motions *in limine* to address the issue of admissibility of the Sanchez criminal records.

based on asserted coercion of women engaged in prostitution in Sanchez's business. The court expressly ruled that it found **_no_** coercion. Case No. 1:19cr65; ECF No. 53, p. 17.

What Doe appears to be asking by virtue of her motion *in limine* is that the court allow her to cherry pick portions of the Sanchez criminal records, introduce them in a way that suggests that Sanchez was charged and/or pled guilty to running a sex trafficking venture in which Doe was victimized, all the while precluding defendants from rebutting such "evidence," with the truth. The truth is Sanchez was not charged under the TVPRA, Sanchez was not charged with running a sex trafficking venture, Sanchez did not admit to running a sex trafficking venture and Sanchez was found not to have coerced women into prostitution.

Barbazette and Mardocco submit that, in the event that Doe is permitted to introduce records from the Sanchez criminal file, they cannot be precluded from introducing evidence from the same criminal file or making arguments or questioning witnesses in a manner which insures that the jury is accurately informed. Thus, defendants cannot be precluded from insuring that the jury is advised that Sanchez was not charged under the TVPRA. They also cannot be precluded from informing the jury that there was never a finding that Sanchez coerced a woman into prostitution. In fact, if Sanchez is ordered to testify, as should be the case, it is clear that she will testify that ███████████████████████████████████████████████

███████████████████████████████████████

E. **Baseless questioning regarding Doe's immigration status and visa application**

Doe denied during her deposition that, in April 2018, she found herself ███████

████████████████████████████████████████████████████████

████████████████████████████████████████, but Doe claims that there is no merit to these assertions at all. Barbazette and Mardocco sought from the government, pursuant to

6

a *Touhy* request, documents relied upon for this assertion. The government denied the *Touhy* request. Thus, it is true that Barbazette and Mardocco will not be in a position to confront Doe with documents which they believe exist ████████████████████. However, other evidence is available which supports the defendants' contention that Doe fabricated her victimization claim ████████████████████

   The facts will reflect that Doe claims to have been victimized by Sanchez from October 2010 until April 2015. The facts will also show that it was not until April 2018, three (3) years after allegedly escaping Sanchez, that Doe went to the FBI to claim that she had been victimized. What we know, ██████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ To remedy that problem, Doe reported being a victim of sex trafficking, thus securing a T-visa and the ability to permanently remain in the United States. There will be ample, admissible evidence to this effect, and it will support defendants' position that Doe was not a victim and lied about being one in order to secure permanent residency in the United States, ██████████████████████████ ██████████████████████████

   Additionally, questioning regarding the visa applications, which Doe seeks to have banned, would prevent defendants from informing the jury of inconsistencies in Doe's version of events related to her alleged trafficking. Inasmuch as a central issue in this case is whether Doe was ever a victim, it would be improper to bar defendants from asking questions about statements written and signed by plaintiff, as part of a legal proceeding, which go directly to whether Doe was ever a victim of a sex trafficking venture.

Given the evidence which defendants intend to introduce, and the manner in which they believe that they will be able to tie Doe's immigration problems to her claim of alleged victimization by Sanchez, it would be error for the court, especially *in limine*, to preclude defendants from asking any questions about or introducing evidence related to Doe's immigration status and visa applications.

### F. Witnesses offered by Barbazette and Mardocco who should not be allowed except for impeachment.[4]

Doe asks the court to preclude Barbazette and Mardocco from calling witnesses 6-10 on their "Will Call" list. For ease of reference, those witnesses are William Turner, Thomas Rubenstein, Aaron Ciarrochi, Nicole Christian and Beverly Sellers. Doe also asks that the court preclude Barbazette and Mardocco from calling witnesses 7-18 on their "May Call" list. The identity of those witnesses is, as follows: Paul Cleveland, Tom Harrington, Kerene Gordon, Yvette Prieto, Bruce Guth, Blake Albritton, Christopher Rekas, Courtney Swirchak, Kathleen Harris, Gladivel Becerra, Thea Pirnat and Manuel Prado. The sole basis for Doe's request is that, "[t]hese witnesses were first named by these defendants on September 12, 2022, three days after discovery closed on September 9, 2022." ECF No. 214, p. 12. It is surprising to see Doe raise this argument, to say the least. The fact is that counsel for Barbazette and Mardocco was quite ill with COVID during the end of discovery, As a result, in preparing to supplement initial disclosures, she reached out to Doe's counsel to request that she be able to provide the supplemental initial disclosures on September 12, 2022. Counsel for Doe agreed to the request and stated expressly that he would not raise an issue regarding the lack of timely disclosure. *See* Exhibit 1. To now do so is improper, as

---

[4] As for Doe's motion *in limine* seeking to exclude the Supervisory Defendants' witnesses, Barbazette and Mardocco rely on their arguments in this section in opposition of the motion. Further, Barbazette and Mardocco adopt any arguments asserted by the Supervisory Defendants in response to Doe's motion.

counsel for Barbazette and Mardocco relied on Doe's counsel's assurance and, in the absence of the same, would have filed an appropriate motion with the court.

  Further, Doe's contention that she has not had the opportunity to determine what information may be known to these witnesses due to the purported late disclosure by Barbazette and Mardocco is disingenuous, at best. Paul Cleveland, Tom Harrington, Kerene Gordon and Yvette Prieto were all identified by the Supervisory Defendants in a Supplemental Disclosure file on August 3, 2022. *See* Exhibit 2. Barbazette and Mardocco listed these witnesses on their September 12, 2022 disclosure, with an indication that they may call these witnesses to testify on the very same topics as Doe had been informed by the Supervisory defendants on August 3, 2022. See Exhibit 3. Thus, Doe was on notice of these witnesses and the topics upon which they may testify for more than a month prior to the close of discovery. Doe never sought to speak with or depose any of these persons, with the exception of Thomas Harrington ***whom Doe actually did depose for almost three (3) hours on August 22, 2022.***

  As for William Turner, Thomas Rubinstein, Aaron Ciarrocchi, Nicole Christian and Beverly Sellers, Barbazette and Mardocco did not become aware of these witnesses until the Supervisory Defendants disclosed them on September 2, 2022. However, Doe has always known of these persons and information known to them. These persons were all involved in the investigation which occurred when Doe accused Hairabedian of ▮▮▮▮▮▮ criminal activity (i.e., trying to run over her with a vehicle and auto theft). At her deposition on August 23, 2022, Doe denied these incidents occurred, or significantly downplayed them. *See* Doe Dep., pp. 305-311, attached as Exhibit 4. It was because of Doe's questionable, if not false, testimony that it likely became evident to the Supervisory Defendants' counsel that the materials related to the alleged crimes Doe reported to the Fairfax County police department, and identification of those involved,

9

may become relevant. Within days after Doe's deposition, the Supervisory Defendants filed a supplemental initial disclosure. Exhibit 5. When Barbazette and Mardocco filed their supplemental initial disclosures on September 12, 2022, inclusion of these witnesses mirrored the disclosures by the Supervisory Defendants and informed Doe that they may call witnesses whom she had first-hand knowledge of for years. *See* Exhibit 3.

As for Bruce Guth, Blake Albritton, Christopher Rekas, Courtney Swirchak, Kathleen Harris and Thea Pirnat, the Supervisory Defendants disclosed these witnesses timely on September 2, 2022, based on developments occurring during discovery. These witnesses are identified for the purposes of discussing how much human trafficking was known to exist in Fairfax County during the relevant time periods and policy violations involving one of Doe's main witnesses, Billy Woolf ("Woolf").[5] Gladivel Becerra was also identified by Barbazette and Mardocco regarding the latter point. Following disclosure of these witnesses on September 2, 2022, Doe's counsel never requested to interview or depose these witnesses. There was time left in the schedule to make these persons available and/or Doe could have sought additional time to depose these witnesses, had she truly found it necessary to do so.

Finally, as to Manuel Prado, Barbazette and Mardocco identified him in an abundance of caution. He is not a witness with any personal knowledge of any fact relevant to this litigation. He is an interpreter. Inasmuch as there are documents which have been identified as evidence in this case which are written in Spanish, Mr. Prado has been disclosed as someone who may translate those documents to English for the benefit of the jury, should a dispute or the need arise. To assert, as Doe has, that identification of Mr. Prado has caused her some prejudice, is without merit.

---

[5] Woolf was deposed on August 31, 2022. Two days later, largely based on testimony provided by Woolf, the Supervisory Defendants likely determined that it was prudent to disclose these additional persons to combat testimony which may be offered through Woolf at trial.

### G. Defense Exhibits that Should Not be Allowed Into Evidence[6]

Doe contends that Barbazette and Mardocco's Exhibits 17 and 19 should be excluded from evidence *in limine* (same as Supervisory Defendants' Exhibits 6 and 7). These documents are a request for ███████████████████████████████████████ ███████████████████████████████. The bases for the motion are:

1. They were produced on September 2, 2022 by the Supervisory Defendants, and should have been produced earlier;

2. They do not bear on defendants' liability in this case, ███████████████████ ███████████████████████████████ and/or

3. Any probative value is outweighed by the danger of confusion and unfair prejudice.

As for the first point, as stated above, the disclosure of these documents followed Doe's deposition on August 22, 2022. She was untruthful at her deposition, either denying or downplaying significant events involving claims of criminal activity allegedly committed by Hairabedian which caused Doe to make reports to the Fairfax County police department. Given Doe's testimony, the Supervisory Defendants likely saw fit to disclose the documents at issue because: (1) they contradict her sworn testimony that she did not report Sanchez to the Fairfax County police department, because she did not trust the Fairfax County police department and would never contact them for any reason; and (2) the documents contain admissions regarding Doe's immigration issues, her sham marriage to Lugo, her desperation to find a way in which to remain in the United States, and the fact that Doe ███████████████████████████████, not a victim of trafficking. **At all times**, Doe was aware of the existence of these documents. She created

---

[6] Barbazette and Mardocco adopt any arguments asserted by the Supervisory Defendants in response to Doe's motion, as the exhibits at issue are largely overlapping.

and/or was the recipient of them. The only persons who were not aware of the documents were Barbazette and Mardocco, and after becoming aware of them, they were disclosed as exhibits to be relied upon at trial. There is no good faith basis for claiming surprise or untimeliness with regard to these exhibits.

As to points 2 and 3, the documents may not bear directly on ***defendants liability***, but they bear directly on ***their defenses***. As set forth herein, Barbazette and Mardocco deny that Doe was a victim of a sex trafficking venture. They maintain Doe ████████████████████████ ████████████████ and that she used the guise of being a victim of sex trafficking to solve the immigration problems which she ████████████████████████████ ████████████████. These documents are directly relevant, perhaps centrally so, to the defenses in this case.[7]

Lastly, Doe's argument that any probative value is outweighed by the danger of confusion and undue prejudice is entirely unpersuasive. Parroting that phrase does not make it so. Doe has not even identified what prejudice she would suffer by introduction of these exhibits, other than the jury knowing the truth about her. That, however, does not create legal prejudice, as the goal is to insure that the jury is informed of the truth.

Doe also seeks to exclude Exhibit 42, submitted by Barbazette and Mardocco, which is Supervisory Defendants' Exhibit 21. This is Sanchez's Sentencing Memorandum from case 19-cr-



64 (ECF No. 43). Doe maintains that this document is inadmissible because it is replete with hearsay and double hearsay, not presented under oath, contradicts Sanchez's sworn testimony to the court, uses a criminal standard to assess Sanchez's culpability[8] and is sure to confuse the jury to Doe's detriment on the issue of coercion. In response, Barbazette and Mardocco initially point out that this document was produced by Doe's sex trafficking expert, Kimberly-Mehlman Orozoco as a document which she reviewed and considered in formulating her opinions. *See* Exhibit 6. As such, should Dr. Mehlman-Orozoco be permitted to testify, the document will certainly be admissible to show all of the information which it contains which Dr. Mehlman-Orozoco failed to consider and/or investigate. Secondly, this is a document which Barbazette and Mardocco sought to discuss with Sanchez at her deposition when she asserted a 5th Amendment privilege. Having provided Doe's counsel with testimony as to statements made to the court on the very same topics included in the Sentencing Memorandum, there was clearly a waiver of the privilege by Sanchez. Because the magistrate judge deferred to the trial judge what questions Sanchez may have to answer, whether or not this document or facts contained therein can be authenticated by Sanchez and introduced through her at trial remains up in the air. Further, the argument that the exhibit contradicts other exhibits is of no consequence. Were that the case, a defendant would never be in a position to offer any evidence contradicting evidence a plaintiff offered during her case in chief. Finally, to the extent that Doe argues this exhibit will confuse the jury on the issue of Doe's coercion, Barbazette and Mardocco submit that it will do no such thing. In contrast to the spin which Doe tries to place on other documents from the Sanchez criminal case to establish coercion was established, ████████████████████████████, ████████████████████████████

---

[8] Should the court find this argument persuasive, which Barbazette and Mardocco submit it should not, then the court should easily rule that Doe may not introduce as exhibits at trial any of the documents from Sanchez's criminal file.

███████████████████████████████████████████. There is no legitimate basis, especially *in limine*, to exclude this exhibit.

Doe also seeks to exclude Barbazette and Mardocco's Exhibits 12-16, 22, 24-25 (which are the same as Supervisory Defendants' Exhibits 73-79). Doe claims that these documents, all related to criminal complaints Doe made against Hairabedian to the Fairfax County police department, were not timely disclosed. She relies on the same arguments as relied upon for her motion as to Supervisory Defendants' Exhibits 6 and 7. Barbazette and Mardocco rely on the same arguments made in opposition to exclusion of those exhibits. Further, Barbazette and Mardocco note that Doe states that the existence of these documents were "printed for the defense on May 5, 2022." ECF No. 214, p. 15. Although the documents may have been printed by Fairfax County on that date, Barbazette and Mardocco knew nothing of their existence until after Doe's deposition when they were presumably disclosed by the Supervisory Defendants because of the stark difference in what they depicted as opposed to what Doe testified to.

Doe also objects to Barbazette and Mardocco's Exhibits 15, 18, 20, 21, 23 and 26. She claims that these documents "were never identified or produced by them in discovery." These documents were not known by Barbazette and Mardocco to exist and were not in their possession until after Doe's deposition, when the Supervisory Defendants made their supplemental disclosures to provide documents related to the criminal complaints which Doe filed with the Fairfax County police department against Hairabedian. These exhibits are part and parcel of the same investigation file from where the others mentioned above were pulled, and Barbazette and Mardocco rely on their same arguments as to why these documents should not be excluded from evidence prematurely through a motion *in limine*.

## H. Doe's Request for Ruling on Admissibility of Evidence in Advance of Trial

Doe asks *in limine* that this court rule on the admissibility of "***appropriately redacted reports*** of investigations by the FBI and FCPD ███████████████████████████████████████████████" ECF No. 214, p. 17 (emphasis added). These are **Doe's** proffered Exhibits 11, 12, 28, 29 and 30. Doe goes on to suggest in her motion that what she actually seeks is to have the court *in limine* overrule any hearsay objection to introduction of the "data" contained in the documents.[9] ECF No. 214, p. 18. There are numerous problems with this portion of Doe's motion *in limine*.

First, Doe's Exhibits 11, 12, 28 and 29, as produced to Barbazette and Mardocco, contain no redactions nor do they highlight in any manner the "data" which Doe seeks to have introduced over a hearsay objection. Thus, it is entirely unclear what information or "data" from these reports Doe seeks to introduce. Having not even identified the "data," upon which she seeks an evidentiary ruling *in limine*, Doe's motion must necessarily be denied.

Exhibit 30 contains redactions done by the FBI, but the information which is unredacted does not constitute "data." Much of it constitutes information which is not admissible, not only on the grounds of hearsay, but on other grounds which will be addressed in motions *in limine* which Barbazette and Mardocco expect to file separately.

In addition to the fact that Barbazette and Mardocco have no idea what information or data Doe seeks to have the court rule upon as it pertains to her proffered Exhibits 11, 12, 28, 29 and 30, they also point to Judge Liam O'Grady's observation:

> Clearly, rulings on admissibility of testimony or documents are dependent on the sponsoring witness or setting in trial, and objections such as hearsay or improper use of parol evidence must wait until then.

---

[9] Again, in their own motion *in limine*, Barbazette and Mardocco will demonstrate the many reasons, other than just hearsay, that the FBI and FCPD reports are not admissible at trial.

15

*Danville Grp. v. Carmax Bus. Servs.*, Civil Action No. 1:20-cv-00696, 2021 U.S. Dist. LEXIS 250134 * 6 (E.D. Va. Nov. 3, 2021). *See also*, *In re Safety-Kleen*, No. 3:00-1145-17, 2005 U.S. Dist. LEXIS 46268 * 4 (D.S.C. Feb. 4, 2005) (declining to rule on hearsay objections raised *in limine*, instead waiting to rule upon any specific hearsay objections and possible exceptions "as the testimony unfolds."). Barbazette and Mardocco submit that any rulings as to admissibility of unidentified data within the FBI and FCPD reports (or the reports themselves) <u>on the basis that the hearsay objection has been overcome</u> should be determined at trial.

      Barbazette and Mardocco briefly address another point raised by Doe, for the sake of completeness only as they submit that the court must deny Doe's motion based on the arguments presented above. The point is that Doe seems to suggest that the FBI and FCPD reports, although full of hearsay, come into evidence because "of the evidentiary integrity of these documents…." ECF No. 214, p. 17. That is not the case. *See, e.g., United States v. Sims*, 617 F. 2d 1371 (1980) (declining to allow FBI report to be admitted into evidence where purpose was to introduce inadmissible hearsay contained within report); *Doe v. Carnival Corp.*, No. 19-24766, 2021 U.S. Dist. LEXIS 119070 ( S.D. Fla. June 25, 2021) (same). If Doe wishes to introduce these documents into evidence, or any parts thereof, she will have to satisfy F.R.E. 803(8). That will be difficult for a variety of reasons, which will be outlined in Barbazette and Mardocco's forthcoming motion *in limine* with regard to these documents.

      Additionally, to the extent that Doe would have the court believe that Scianna, Hines and Roessler "confirm the reliability of the FBI data," as set forth in ECF No. 214, p. 20, Doe again cherry picks the record by pointing the court to misleading colloquies between her counsel and these witnesses. The fact is none of these persons did or could confirm the reliability of the FBI data, as none of them ever saw the underlying data. *See* Exhibits 7, 8 and 9. The FCPD simply

accepted the data as true and incorporated it, as reported to FCPD, into its reports. *Id*. The fact that this may be the FCPD's normal practice does nothing to allow for the conclusion that the data compiled by the FBI was accurate, reliable, trustworthy or complete.

For all of the foregoing reasons, the court should decline to make a ruling *in limine* regarding whether Doe can establish that her proffered Exhibits 11, 12, 28, 29 and 30 (or "data" contained therein) can overcome a hearsay objection.

### III.    CONCLUSION

WHEREFORE, for the foregoing reasons and any to be argued at a hearing on Doe's motion *in limine*, defendants, Michael O. Barbazette and Jason Mardocco, oppose the relief requested by Doe and ask that the court deny the motion.

                                              **MICHAEL O. BARBAZETTE and**
                                              **JASON MARDOCCO**
                                              **By Counsel**

McGAVIN, BOYCE, BARDOT
  THORSEN & KATZ, P.C.
9990 Fairfax Boulevard, Suite 400
Fairfax, Virginia 22030-2514
(703) 385-1000 Telephone
(703) 385-1555 Facsimile
hbardot@mbbtklaw.com

\_\_\_\_/s/_____
Heather K. Bardot, Esquire
Virginia State Bar No. 37269
*Counsel for Defendants, Barbazette and Mardocco*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 13th day of November, 2022, I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Victor M. Glasberg, #16184
Nickera S. Rodriguez, #95952
Victor M. Glasberg & Associates
121 S. Columbia Street
Alexandria, VA 22314
703.684.1100 / Fax: 703.684.1104
vmg@robinhoodesq.com
*Counsel for Plaintiff*

Kimberly P. Baucom, VSB 44419
Jamie Greenzweig, VSB 75066
12000 Government Center Parkway
Suite 549
Fairfax, Virginia 22035
(703) 324-2704 Telephone
(703) 324-2665 Facsimile
Kimberly.baucom@fairfaxcounty.gov
Jamie.Greenzweig@fairfaxcounty.gov
Counsel for Defendants, Baumstark, Scianna,
 Roessler and Fairfax County, Virginia

                                                  McGAVIN, BOYCE, BARDOT
                                                   THORSEN & KATZ, P.C.
9990 Fairfax Boulevard, Suite 400
Fairfax, Virginia 22030-2514
(703) 385-1000 Telephone
(703) 385-1555 Facsimile
hbardot@mbbtklaw.com

_____/s/_____
Heather K. Bardot, Esquire
Virginia State Bar No. 37269
*Counsel for Defendants, Barbazette and Mardocco*