**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

JANE DOE,                                    )
                                             )
      Plaintiff,                          )
                                             )
v.                                           )          Case No.: 1:21cv1150(AJT/JFA)
                                             )
FAIRFAX POLICE OFFICER #1, et al.,           )
                                             )
      Defendants.                         )

**REPLY TO PLAINTIFF'S MEMORANDUM IN PARTIAL OPPOSITION TO DEFENSE**
**MOTION *IN LIMINE* TO BAR TESTIMONY OF WILLIAM WOOLF**

      COME NOW defendants, Michael O. Barbazette ("Barbazette") and Jason Mardocco

("Mardocco"), by counsel, and for their Reply to Plaintiff's Memorandum in Partial Opposition to

Defense Motion *in Limine* to Bar Testimony of William Woolf ("Woolf"), state as follows:

**I.      INTRODUCTION**

      Plaintiff, Jane Doe ("Doe"), completely disregards all legal arguments made by Barbazette

and Mardocco as to why Woolf may not offer opinions as an expert at the trial of this matter. That

is, Doe fails to explain how Woolf's "opinions" are relevant to the subject matter of ***this*** case and/or

reliable.[1] Instead, as seems to have become Doe's approach, she attempts to distract the court by

pointing to extraneous facts which have no bearing on the issues in ***this*** case. For the reasons set

forth in defendants' motion *in limine*, which have been unrebutted by Doe, Barbazette and

Mardocco submit that the motion should be granted. Defendants also address, below other points

---

[1] The proponent of expert testimony, here Doe, does not have the burden to "prove" anything to
the court. *Md. Cas. Co. v. Therm-O-Disk, Inc.*, 137 F.3d 780, 783 (4th Cir. 1998). She must,
however, "come forward with evidence from which the court can determine that the proffered
testimony is properly admissible." *Id.* This she utterly fails to do.

raised in Doe's Reply to Plaintiff's Memorandum in Partial Opposition to Defense Motion *in Limine* to Bar Testimony of William Woolf ("Doe's Reply").

## II.    LAW AND ARGUMENT

The "importance of [the] gatekeeping function cannot be overstated." *United States v. Barton*, 909 F.3d 1323, 1331 (11th Cir. 2018) (citation and internal quotation marks omitted). Indeed, the Fourth Circuit has described the district court's "Rule 702 gatekeeping function" as "indispensable." *Sardis v. Overhead Door Corp.*, 10 F.4th 268, 284 (4th Cir. 2021). Barbazette and Mardocco submit that this court must close the gate and preclude Woolf from testifying as an expert on any topic at the trial of this matter.

### A.  Woolf – if permitted to testify as an expert – cannot testify beyond the scope of his expert witness disclosure.

In Doe's Reply, for the first time during this litigation, she states that:

> Doe proposes to adduce evidence from Det. Woolf regarding his knowledge, derived from substantial training and experience, of sex trafficking and how sex trafficking ventures work, *see* ECF 61 at ¶ 43 and ECF 212-7 at ¶¶1-5, 21, and whether – and if so, how – based on that knowledge, Doe's description of her experience with Sanchez is consistent with her having been trafficked by Sanchez.

ECF No. 253, p. 2.

Woolf's expert disclosure, ECF No. 240-2,[2] fails to alert defendants that Doe intended to call Woolf as an expert to explain sex trafficking or how sex trafficking ventures work. The disclosure also fails to alert defendants that Doe intended to call Woolf to testify **whether** Doe's description of her experience with Sanchez is consistent with sex trafficking. The disclosure also contains no facts or bases upon which Woolf could or did draw any conclusions as it pertains to

---

[2] In Doe's Reply, she cites extensively to Woolf's Declaration, ECF No. 212-7. Woolf's expert disclosure, however, which is less verbose and lacks any **facts** related to Doe or Sanchez, is found at ECF No. 240-2.

Doe or Sanchez. In fact, as exhaustively detailed in Barbazette and Mardocco's motion *in limine*, ECF No. 240, Woolf has absolutely no knowledge of any facts specific to Doe, Sanchez, the alleged sex trafficking venture, or this case. It is axiomatic that one who is totally ignorant of facts cannot satisfy the dictates of F.R.E. 702, which provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, *if (1) the testimony is based upon sufficient facts or data,* (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably *to the facts of the case.*

(emphasis added).

Further, the United States Court of Appeals for the Fourth Circuit and the district courts in this circuit are clear: an expert report should be a comprehensive document that, by itself, provides all the expert's opinions that will be offered at trial, **along with the bases for those opinions**. *Campbell v. United States*, 470 Fed. App'x 153 (4th Cir. 2012); *Zakit v. Global Linguist Solutions, LLC*, 2014 U.S. Dist. LEXIS 139344, 2014 WL 4925780, at *3 ("the advisory committee intended that an expert's written report be so detailed and complete that it would 'dispense[] with the need to depose the expert."); *Sharpe v. United States*, 230 F.R.D. 452, 458 (E.D. Va. 2005). The significance of the expert report as the proper time and place for complete disclosure finds support in the structure of discovery: experts provide reports, and those reports form the basis for informed deposition-taking. *Campbell*, 2011 U.S. Dist. LEXIS 12305, 2011 WL 588344 at *3 (noting that "Rule 26 provides that an expert deposition 'may be conducted only after the [expert's] report is provided'" to support the notion that revealing information at a deposition does not alleviate the surprise or incurability of a failure to disclose in a report).

Doe should not be permitted to present Woolf as an expert for purposes which Doe has, for the first time, disclosed in Doe's Reply. In fact, even in Doe's Reply, there is no disclosure of the substance of any opinion to be offered by Woolf on the topics set forth herein or the factual predicate to support the same.

### B. Woolf's purported expert testimony as to what Barbazette knew or should have known is inadmissible.

Doe argues that she should be able to call Woolf as an expert to testify regarding Barbazette's "knowledge of sex trafficking." ECF No. 253, p. 6. Doe contends that the proposed testimony "manifestly presents evidence a jury should be free to consider when assessing what defendant Barbazette 'knew or should have known,' 18 U.S.C. § 1595(a), *about Sanchez's operation of a trafficking ring.*" *Id.* (emphasis added).

As a starting point, what Barbazette actually knew is a matter of fact, not a matter upon which an expert may opine. And, just as Doe failed to disclose in her expert disclosure that she intended to call Woolf to testify on the topics set forth in section A above, she has provided no information in Woolf's expert disclosure to explain how it is that Barbazette actually knew or should have known about Sanchez's alleged sex trafficking ring. Rather, in Woolf's expert disclosure, he speaks only generally about the topic of sex trafficking, completely unrelated to Doe or Sanchez, except inasmuch as he concludes, based on his own say-so, that "I find it hard to believe that [Barbazette and Mardocco] did not know the women working for [Sanchez] had been trafficked." ECF No. 240-2, ¶ 10. For these reasons alone, Woolf should not be permitted to testify as an expert on the issue of what Barbazette and/or Mardocco knew or should have known about Sanchez's alleged sex trafficking venture.

Further, Barbazette and Mardocco point out, as they did in their opening brief, that the proposed testimony by Woolf is irrelevant. It bears no connection to the issues in this case, those

being whether Doe was a victim of a sex trafficking venture allegedly run by Sanchez and whether Barbazette and/or Mardocco knew this to be the case or should have known it. Instead, Doe proffers Woolf, as an expert, to speak to what Barbazette and/or Mardocco knew generally about sex trafficking. This is not permitted. *See, e.g., Ratha v. Phatthana Seafood Co.,* 35 F.4th 1159 (9th Cir. 2022).

In *Ratha*, plaintiffs alleged that they were victims of peonage, forced labor, involuntary servitude and human trafficking, in violation of the Trafficking Victims Protection Reauthorization Act ("TVPRA"). They were purportedly recruited from villages to work in factories in Thailand with the promise of good pay and suitable living quarters. When they arrived, however, they assert that they were victimized in violation of the TVPRA. Plaintiffs sued a number of companies. For purposes of this motion, Barbazette and Mardocco focus on defendant-Wales, sued by the *Ratha* plaintiffs. Wales was a Thai company registered to conduct business in California. It performed quality control, sales and marketing for seafood processing factories. Among the factories for which Wales performed services and received a commission was one of the factories which allegedly victimized plaintiffs. Plaintiffs argued that there was sufficient evidence to submit to the jury the question of whether Wales knew or should have known of the alleged labor abuses at the specific factory at issue, such that Wales could be found to have violated the TVPRA when it received a benefit from the illegal venture. The evidence upon which plaintiffs relied was generalized evidence of labor conditions in the Thai shrimp industry. They suggested, through their expert, that those generalized conditions placed Wales on notice of actual or potential labor abuses in the factory where plaintiffs claimed to have been victimized. The court disagreed. In granting Wales' motion for summary judgment, the court held:

> this evidence falls short of creating a genuine dispute of material fact on whether Wales knew or should have known of Phatthana's alleged TVPRA violations before

February 2012. "[T]he phrase 'knew or should have known' usually connotes negligence." *Mayview Corp. v. Rodstein*, 620 F.2d 1347, 1358 (9th Cir. 1980). And "[n]egligence is a less culpable mental state than actual knowledge . . . or recklessness." *Erickson Prods., Inc. v. Kast*, 921 F.3d 822, 833 (9th Cir. 2019). Assuming § 1595 imposes a negligence standard, Plaintiffs' evidence suggests, at most, that Wales should have known of labor abuses in the Thai shrimp industry generally. Sweeping generalities about the Thai shrimp industry are too attenuated to support an inference that Wales knew or should have known of the specifically alleged TVPRA violations at the Songkhla factory between 2010 and 2012.

*Id.* at 1177. The court further found that, "Plaintiffs' expert reports fail to bridge the gap between their generalized evidence of labor conditions in the Thai shrimp industry and the specific allegations that Wales knew or should have known of the alleged labor abuses at Phatthana's Songkhla factory before February 23, 2012." *Id.* at 1179. Woolf's proposed expert testimony similarly fails. It does nothing to tie whatever knowledge he believes Barbazette had generally about sex trafficking to the facts of this case.

Assume, for purposes of this motion only, that the following, argued by Doe, are true:

- Barbazette disparaged Woolf and discouraged his work in sex trafficking;

- Woolf explained his sex trafficking work to Barbazette (his supervisor), and Barbazette scrutinized Woolf's work;

- Barbazette asked Woolf, whom he supervised, to provide one (1) sex worker's telephone number (not connected to Doe or Sanchez);

- Barbazette was fully trained in sex trafficking, having received 2 ½ hours of training on sex trafficking; and

- Barbazette referred to a sex worker (not connected to Sanchez or Doe) as a prostitute.

None of the above comes close to bridging the gap between generalized knowledge of sex trafficking and the specific allegations which must be proven in this case: that Barbazette (and/or Mardocco) knew or should have known of the alleged sex trafficking abuses which Doe was suffering at the hands of Sanchez. Thus, Woolf's proposed testimony – as an expert – regarding general information on the topic of sex trafficking which he contends was known to Barbazette is

6

irrelevant and inadmissible. It does not do anything to inform the jury whether Barbazette knew or should have known about Sanchez's alleged operation of a trafficking ring. To allow such testimony, especially through an expert, would be error.

### III.   CONCLUSION

WHEREFORE, for the reasons set forth in their motion *in limine*, for the foregoing reasons, and for any reasons to be argued at the hearing on this motion, defendants, Michael O. Barbazette and Jason Mardocco, by counsel, respectfully submit that their motion *in limine* to preclude Woolf from testifying as an expert at the trial of this matter should be granted.

**MICHAEL O. BARBAZETTE and**
**JASON MARDOCCO**
**By Counsel**

McGAVIN, BOYCE, BARDOT
  THORSEN & KATZ, P.C.
9990 Fairfax Boulevard, Suite 400
Fairfax, Virginia 22030-2514
(703) 385-1000 Telephone
(703) 385-1555 Facsimile
hbardot@mbbtklaw.com

_____/s/_____
Heather K. Bardot, Esquire
Virginia State Bar No. 37269
Counsel for Defendants, Barbazette and Mardocco

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of November, 2022, I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Victor M. Glasberg, #16184
Nickera S. Rodriguez, #95952
Victor M. Glasberg & Associates
121 S. Columbia Street
Alexandria, VA 22314
703.684.1100 / Fax: 703.684.1104
vmg@robinhoodesq.com
*Counsel for Plaintiff*

Kimberly P. Baucom, VSB 44419
Jamie Greenzweig, VSB 75066
12000 Government Center Parkway
Suite 549
Fairfax, Virginia 22035
(703) 324-2704 Telephone
(703) 324-2665 Facsimile
Kimberly.baucom@fairfaxcounty.gov
Jamie.Greenzweig@fairfaxcounty.gov
Counsel for Defendants, Baumstark, Scianna,
   Roessler and Fairfax County, Virginia

McGAVIN, BOYCE, BARDOT
  THORSEN & KATZ, P.C.
9990 Fairfax Boulevard, Suite 400
Fairfax, Virginia 22030-2514
(703) 385-1000 Telephone
(703) 385-1555 Facsimile
hbardot@mbbtklaw.com


_____/s/_____
Heather K. Bardot, Esquire
Virginia State Bar No. 37269
Counsel for Defendants, Barbazette and Mardocco