IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| JANE DOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 1:21cv1150(AJT/JFA) |
| ) | |
| FAIRFAX POLICE OFFICER #1, et al., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS MICHAEL O. BARBAZETTE AND JASON MARDOCCO'S MEMORANDUM IN SUPPORT OF FOURTH MOTION *IN LIMINE***

COME NOW defendants, Michael O. Barbazette ("Barbazette") and Jason Mardocco ("Mardocco"), by counsel, and in support of their Fourth Motion *in Limine* requesting that the court preclude argument, evidence or testimony related to the FBI investigation and subsequent FCPD Internal Affairs' investigations of Barbazette and Mardocco, state as follows:

**I.      INTRODUCTION**

In April of 2018, allegedly three (3) years after escaping Hazel Sanchez's ("Sanchez") sex trafficking ring, Jane Doe ("Doe") contacted the FBI to report that she had been the victim of that ring.[1] The FBI launched an investigation of Sanchez, as a result of Doe's report. During the investigation, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

---

[1] Attached, for purposes of this motion only, are two reports, Exs. 1 and 2, prepared by FCPD Second Lieutenant Robert Hines ("Hines") during the Internal Affairs' investigations of Barbazette and Mardocco. They summarize facts salient to this motion.

[2] ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

1

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████

On May 14, 2019, after concluding its investigation, the FBI notified the FCPD ████

███████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████████ The FBI records, or at least a part thereof, were turned over to the FCPD to allow it conduct an Internal Affairs' investigation. The FCPD promptly initiated an Internal Affairs' investigation of both Barbazette and Mardocco.

At the conclusion of the FCPD Internal Affairs' investigations, it, ██████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████.

---

███████████████████████████████████████████████

██████████████████████████████ That is why, when Doe first filed her lawsuit, she was not even in a position to name these officers.

Doe seeks to introduce extensive argument, evidence and testimony related to both the FBI investigation and the FCPD Internal Affairs' investigations, purportedly to support her claims that Barbazette and/or Mardocco benefitted from trafficking for purposes of forced labor in violation of 18 U.S.C. §1589(b) and §1593A and/or obstructed enforcement of the Trafficking Victims Protection Reauthorization Act ("TVRPA") in violation of 18 U.S.C. §1590(b) and §1591(d).[3] Barbazette and Mardocco submit that the court should preclude her (and the Supervisory Defendants, see fn. 3) from doing so *in limine*, because the investigations are not relevant to the issues in this case, any probative value is outweighed by danger of unfair prejudice, confusion of the issues and misleading the jury, and F.R.E. 404 warrants exclusion of the evidence or any reference to it.

## II. LAW AND ARGUMENT

A motion in limine is a pretrial motion which requests that the court exclude inadmissible or prejudicial evidence before it is actually offered at trial. See *Luce v. U.S.*, 469 U.S. 38, 40 n. 2, 105 S. Ct. 460, 83 L. Ed. 2d 443 (1984). "The purpose of a motion in limine is to allow a court to rule on evidentiary issues in advance of trial in order to avoid delay, ensure an even-handed and expeditious trial, and focus the issues the jury will consider." *Intelligent Verification Sys., LLC v. Microsoft Corp.*, No. 2:12-CV-525, 2015 U.S. Dist. LEXIS 43042, 2015 WL 1518099, at *9 (E.D. Va. Mar. 31, 2015) (citing *United States v. Verges*, No. 1:13cr222, 2014 U.S. Dist. LEXIS 17969, 2014 WL 559573, at *2 (E.D. Va. Feb. 12, 2014)), aff'd sub nom. *Intelligent Verification Sys., LLC v. Majesco Ent. Co.*, 628 F. App'x 767 (Fed. Cir. 2016).

---

[3] To the extent that the Supervisory Defendants would also seek to introduce arguments, evidence or testimony addressed in this motion, Barbazette and Mardocco oppose any effort in that regard, and this motion applies equally to the Supervisory Defendants.

**A. The FBI and FCPD Internal Affairs' Investigations are Not Relevant**

F.R.E. 401 provides:

Relevant evidence is admissible unless any of the following provides otherwise:

- the United States Constitution;
- a federal statute;
- these rules; or
- other rules prescribed by the Supreme Court.

Irrelevant evidence is not admissible.

"Relevant evidence" is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401; *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579, 588, 125 L. Ed. 2d 469, 113 S. Ct. 2786 (1993).

In the instant case, the FBI investigation was launched to look into allegations against Sanchez. During the course of the investigation, ███████████████████

███████████████████

███████████████████

███████████████████

███████████████████

███████████████████

███████████████████

███████████████████

██████████████████████████████████████████████████████████████

████████████████████████████████

Following the FBI investigation, FCPD was advised of it. It opened Internal Affairs' investigations on both Barbazette and Mardocco. ████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

████████████████████████████████

Barbazette and Mardocco submit that introduction of argument, evidence or testimony related to the FBI investigation and the FCPD Internal Affairs' investigations are simply irrelevant to the issues in this case.

As it pertains to the FBI investigation, ████████████████████████████ ██████████████████████████████████████████████████████ For what purpose, then, would that investigation be relevant to Doe's claims? ██████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

████████ The investigation, its findings, etc… simply are irrelevant to the claims brought by Doe, and the court should not allow argument, evidence or testimony related to the FBI's investigation of Barbazette and Mardocco.

With regard to the FCPD Internal Affairs' investigations, they are even further removed from the realm of relevance. By the time that FCPD was made aware of the FBI investigation of Barbazette and Mardocco, the FCPD was also advised ██████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

5

███████████████████████████████████████████ The investigation which led to that conclusion has nothing to do with Doe or the issues in this case, and it is simply irrelevant.

> **B. If the court finds that the FBI investigation and the FCPD Internal Affairs' investigations of Barbazette and Mardocco are relevant, any argument, evidence or testimony related thereto should nonetheless be excluded under F.R.E. 403.**

Rule 403 of the Federal Rules of Evidence provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. The Fourth Circuit has defined "prejudice" in such circumstances as follows:

> The possibly prejudicial effect of evidence can require exclusion only in those instances where the trial judge believes that there is a genuine risk that the emotions of the jury will be excited to irrational behavior, and that this risk is disproportionate to the probative value of the offered evidence.

*See Morgan v. Foretich*, 846 F.2d 941, 945 (4th Cir. 1988) (internal quotation marks and citations omitted). Barbazette and Mardocco submit that argument, evidence or testimony related to the FBI investigation and the FCPD Internal Affairs' investigations of Barbazette and Mardocco should be excluded as the probative value of the evidence is substantially outweighed by unfair prejudice, confusion of the issues and misleading the jury.

At the outset, these defendants again call into question what probative value comes from either investigation. If it is that defendants ███████████████████████████████, that is undisputed. Reference to the investigations is not required to make that link – ████████ ████████████ ███████████████████████████████████████████████

6

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

██████████████████████████████ They provide nothing of probative value to the issues in this case.

Further, it is clear that allowing reference to the investigations would be highly prejudicial to Barbazette and Mardocco, and would cause confusion and mislead the jury. By way of example, these defendants refer the court to exhibits 3 (pertaining to Barbazette) and 4 (pertaining to Mardocco), appended hereto.

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

FCPD_SDT_003212. To allow information of this sort to be presented to the jury, information which has nothing to do with Doe, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ is without question highly prejudicial, especially considering the lack of probative value of such evidence. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *also see United States v. Edwards*, 307 Fed. Appx. 340, 344-345 (2009) (denying admission of internal affairs complaints against officer on the grounds that any probative value was outweighed by prejudicial effect given that the investigations did not substantiate complaints germane to the litigation); *see also Lopez v. Mulligan*, 2017 U.S. Dist. LEXIS 202334, 2017 WL 6209206, No. 12-4976, *17 (D. N.J. Dec. 7, 2017) (denying admission of internal affairs reports where they contain facts which post-dated the tort at issue and therefore could not be relevant to the claim asserted). Allowing such evidence would also cause confusion and mislead the jury because it is so far removed from what the jury is tasked to decide in this case; that being whether Doe was a victim of Sanchez, when and what defendants knew or should have known about Doe's alleged victimization.

The same issues can be identified in the investigation conducted with regard to Mardocco, Exhibit 4. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

For the same reasons noted above, to allow information regarding the investigations of Mardocco

into evidence or to allow argument related thereto would cause unjust prejudice, confusion and would mislead the jury down a path it should not be on.

Although the above arguments focus on the FBI investigation, they apply equally to the FCPD Internal Affairs' investigations which relied almost exclusively on the FBI file materials and which were not even investigating the issue of whether Barbazette and/or Mardocco ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬.

### C. Federal Rule of Evidence 404(b) should bar the admission of argument, evidence or testimony related to the FBI and FPCD Internal Affairs' investigations of Barbazette and Mardocco.

Rule 404(b) of the Federal Rules of Evidence contemplates the exclusion of evidence of "'other crimes, wrongs, or acts' solely to prove a defendant's character." *United States v. Basham*, 561 F.3d 302, 326 (4th Cir. 2009) (quoting Rule 404(b)). The Fourth Circuit has also articulated a four-prong test for the admissibility of evidence under rules 403 and 404(b) as follows:

> We hold that evidence of prior acts becomes admissible under Rules 404(b) and 403 if it meets the following criteria: (1) The evidence must be relevant to an issue, such as an element of an offense, and must not be offered to establish the general character of the defendant. In this regard, the more similar the prior act is (in terms of physical similarity or mental state) to the act being proved, the more relevant it becomes. (2) The act must be necessary in the sense that it is probative of an essential claim or an element of the offense. (3) The evidence must be reliable. And (4) The evidence's probative value must not be substantially outweighed by confusion or unfair prejudice in the sense that it tends to subordinate reason to emotion in the fact-finding process.

*United States v. Queen*, 132 F.3d 991, 997 (4th Cir.1997).

The focus of the FBI investigation was originally Sanchez. ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬.

Barbazette and Mardocco understand, and do not contest, that such facts will be introduced to the jury at trial. But, the FBI investigation and FCPD Internal Affairs' investigations which

9

followed did not substantiate that Barbazette or Mardocco ███████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

This not only has no relevance to the issues to be tried and is extremely prejudicial, confusing and misleading, but it is improper for such evidence to be introduced into evidence as it violates F.R.E. 404(b). The court should so find and preclude introduction of argument, evidence or testimony related to the FBI and/or FCPD Internal Affairs investigations of Barbazette and Mardocco.

### III.  CONCLUSION

WHEREFORE, for the foregoing reasons, defendants, Michael O. Barbazette and Jason Mardocco, ask that the court, *in limine*, rule that no party may argue or introduce evidence and/or testimony regarding the FBI and/or FCPD Internal Affairs' investigations into Barbazette por Mardocco.

                                                     **MICHAEL O. BARBAZETTE and**
                                                     **JASON MARDOCCO**
                                                     **By Counsel**

McGAVIN, BOYCE, BARDOT
  THORSEN & KATZ, P.C.
9990 Fairfax Boulevard, Suite 400
Fairfax, Virginia 22030-2514
(703) 385-1000 Telephone
(703) 385-1555 Facsimile
hbardot@mbbtklaw.com

    /s/
Heather K. Bardot, Esquire
Virginia State Bar No. 37269
Counsel for Defendants, Barbazette and Mardocco

**CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of December, 2022, I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Victor M. Glasberg, #16184
Nickera S. Rodriguez, #95952
Victor M. Glasberg & Associates
121 S. Columbia Street
Alexandria, VA 22314
703.684.1100 / Fax: 703.684.1104
vmg@robinhoodesq.com
*Counsel for Plaintiff*


Kimberly P. Baucom, VSB 44419
Jamie Greenzweig, VSB 75066
12000 Government Center Parkway
Suite 549
Fairfax, Virginia 22035
(703) 324-2704 Telephone
(703) 324-2665 Facsimile
Kimberly.baucom@fairfaxcounty.gov
Jamie.Greenzweig@fairfaxcounty.gov
Counsel for Defendants, Baumstark, Scianna,
  Roessler and Fairfax County, Virginia

                                            McGAVIN, BOYCE, BARDOT
                                               THORSEN & KATZ, P.C.
                                            9990 Fairfax Boulevard, Suite 400
                                            Fairfax, Virginia 22030-2514
                                            (703) 385-1000 Telephone
                                            (703) 385-1555 Facsimile
                                            hbardot@mbbtklaw.com

                                            _____/s/_____
                                            Heather K. Bardot, Esquire
                                            Virginia State Bar No. 37269
                                            Counsel for Defendants, Barbazette and Mardocco